JUAN GUILLEN, ALIAS JESUS GUILLEN, V. THE STATE.

No. 10204.　Delivered June 2, 1926.

**1.—Bigamy—New Trial—Properly Refused.**

Where appellant had entered a plea of guilty, after being duly warned, and interrogated by the court, his motion for a new trial on the ground that his father had employed an attorney to represent him, and who was not able to be present at the trial, was properly overruled.

**2.—Same—Continued.**

A verdict of guilty, in any event, would not be set aside upon the insufficiency of the testimony, or the lack of an attorney to represent the accused, unless it be shown that through no fault on the part of the accused he was prevented from making some defense, or otherwise suffered some tangible injury, and the showing made in the instant case that an attorney had been employed to bring a suit for divorce for appellant against his first wife, would present no defense to the charge of his having been married a second time, in violation of our laws.

Appeal from the District Court of De Witt County. Tried below before the Hon. John M. Green, Judge.

Appeal from a conviction of bigamy, penalty three years in the penitentiary.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of DeWitt County of bigamy, punishment three years in the penitentiary.

Appellant pleaded guilty after being fully warned as to the consequences, and after the learned trial judge, upon investigation, became satisfied no undue influence was operating upon appellant to cause him to enter such plea. A motion for new trial is in the record supported by the affidavit of a reputable attorney from which it is made to appear that on Saturday night before this case was called for trial on Monday, said attorney, who lives in an adjacent county, was employed by the father of appellant to represent him on this trial. We further learn that a call was put in over long distance by said attorney on Monday morning in an effort to have the case postponed. The conversation seems to have been had at the other end of the line with a deputy sheriff. That some confusion resulted is apparent, though said officer denied having made any statements calculated to mislead said attorney. The officer testified that he told the attorney after a conference with the district attorney that the case would be called for trial at once. As part of the hearing on the motion for new trial the District Judge, before whom the case was tried, certifies that he fully interrogated the appellant as to whether he had an attorney or wanted one, to both receiving negative answers, and as to his reasons for entering a plea of guilty.

A verdict upon a plea of guilty in any event would not be set aside upon the insufficiency of the testimony, or the lack of an attorney to represent the accused, unless it be shown that through no fault on the part of the accused he was prevented from making some defense, or otherwise suffered some tangible injury. The only showing as to any defense which might be interposed for appellant is that an attorney had been employed to bring a suit for the divorce for appellant from his former wife. The record is wholly devoid of any showing that such divorce had been granted or of any reasonable ground on the part of appellant for believing that it had been granted.

The indictment herein was returned on the 7th of January, 1926, and the case was tried on the 18th of said month. No effort to employ an attorney between the return of the indictment and the Saturday night before the trial, is shown in the record. We have carefully reviewed the showing made on behalf

of appellant, taking into consideration all the facts before us, and are unable to satisfy ourselves that there was any error in the refusal of the motion for new trial. So believing, the judgment of conviction will be affirmed.

*Affirmed.*