## PINK DAUGHERTY V. THE STATE.

### *No. 415. Decided April 18.*

**1. Defendant's Right to Counsel.**— See facts stated in the opinion, upon which it was *Held*, that the judgment should be reversed because defendant had been denied his constitutional right to be heard and represented by counsel. Const., Bill of Rights, sec. 10.

**2. Continuance When Sought Upon Other Grounds than Absent Witnesses.**—When a continuance is sought upon other grounds than absent witnesses, the granting of the same is within the sound discretion of the court. Code Crim. Proc., art. 557.

APPEAL from the District Court of Leon. Tried below before Hon. J. M. SMITHER.

This appeal is from a conviction for theft of money over the value of $20, the punishment assessed being two years in the penitentiary. No statement necessary.

*Norman G. Kittrell*, for appellant.—The court erred in forcing the defendant to trial in the absence of his counsel, of the benefit of whose presence and aid defendant was deprived without fault or negligence on his part, and to force him to trial, however apparently plain and clear the case may have been, was under the circumstances a deprivation of his right under the Constitution to be heard by his counsel.

Article 1, section 10, of the Constitution of the State of Texas, reads as follows: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself or counsel, or both, shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor."

The doctrine of putting off or continuing trials rests much upon the discretion and rules of practice of the court where the case is pending (3 Am. and Eng. Encyc. of Law, p. 805, and authorities there cited), but the discretion in such cases can not override a clear legal right or dispense with a plain rule of law. Fox v. The State, 9 Ga., —.

The case of d'Eon is a leading case on this subject, and contains principles which have since prevailed in putting off trials.

Wilmot, J., said the rule is the same in criminal and civil cases, and Yates, J., says, whatever indulgence the law gives to defendants in civil cases it ought a fortiori to give in criminal. The People v. Vermilyea, Cow. (N. Y.), 383.

A continuance was not improperly refused because of the absence of leading counsel for defense, when it appears that the defendant was faithfully represented by other counsel, and it does not appear that he was prejudiced; but the absence of counsel where there is but one, or the leading counsel where there is more than one, where the sickness is so sudden that another can not under the circumstances render justice to the case, likewise death of counsel, is good cause for continuance. Allen v. The State, 10 Ga., 85; Bullock v. The State, 10 Ga., 46; Wright v. The State, 18 Ga., 383; Sayles' Civ. Stats., sec. 63; Thompson v. Thornton, 41 Cala., 626; Rice v. McLendy, 37 Ia., 166.

The defendant's counsel was taken ill on the morning of the trial, and informed the defendant that he could not try his case. He advised the defendant that he had a good defense on the merits. The defendant endeavored to get other counsel, but was unsuccessful. A continuance should have been granted. Thompson v. Thornton, 41 Cala., 626; Allen v. The State, 10 Ga., 83; Shultz v. Moore, 1 McLean (U. S.), 520; Printup v. Michell, 19 Ga., 586; Railway v. State of Massachusetts, 11 Pet. (U. S.), 326.

When the leading counsel in a case is prevented from attending the court by sickness, and the counsel in attendance is not prepared to go on with the trial, it is sufficient ground for a continuance. Hunter v. Fairfax, 3 Dall. (U. S.), 520; Burchard v. Boyce, 21 Ga., 6.

The only case I have been able to find in the Court of Appeals Reports bearing directly on this question is the case of Walker v. The State, 13 Texas Criminal Appeals, 619, which differs from the case at bar,

inasmuch as in that case the appellant, notwithstanding the leading counsel was sick, was defended by associate counsel familiar with all the facts, while in the case at bar the defendant was left without counsel. The paucity of authority on this question arises, I apprehend, from the fact that such action as was had in this case is without precedent in Texas. Certainly it is in contravention of constitutional right, and violative of the principles laid down in Tooke v. The State, 23 Texas Criminal Appeals, 10, and Roe v. The State, 25 Texas Criminal Appeals, 66, where it is said, in effect, that however simple, clear, unimpeachable, and conclusive in the opinion of the court the evidence may be, the defendant has the right to be heard by counsel. See authorities cited in Tooke v. The State, 23 Texas Crim. App., 10; Roe v. The State, 25 Texas Crim. App., 66; Tramwell v. The State, 1 Texas Crim. App., 125; Rushton v. The State, 15 Texas Crim. App., 337.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—This is a conviction for theft of over $20. When the case was called for trial on the 9th day of November the State announced "ready," and Norman G. Kittrell, an attorney of the court, stated that he did not represent the defendant, but that, on account of the sickness of J. J. Dotson, defendant's counsel, the case should be continued. William Watson stated that he had been requested by Dotson to represent him in the case, but had not been connected with the case nor employed therein. The court announced that he would postpone the case to 1 p. m., and that unless other ground for continuance was shown the case would be tried. When the court reassembled, the defendant presented an application for a continuance on account of the illness of his counsel, Dotson; stating that Dotson had been employed by him, and had represented him since shortly after the examining trial; that he had no other counsel; that Dotson had been in attendance on the court, and would have been present to represent defendant, but for the reason that on the night of November 7th he was stricken by disease, and was still confined to his bed, and unable to attend court; that defendant is poor, and unable to employ other counsel; that he had paid Dotson, and that he had tried to get counsel, but failed. It further appears by bill of exception, that shortly after Dotson was stricken with disease the brother of defendant endeavored to secure the services of Kittrell; but as he could not give security the latter did not consider himself retained in the case. He did not know the witnesses nor the facts. Kittrell, in his statement made in connection with the application for continuance, stated that from imbecility or other cause defendant appeared to have no conception of what witnesses were needed, and did not appear to know who his witnesses were. He could make no intelligent state-

ment of his case. The court overruled the application, and thereupon Kittrell and Watson declined to appear as counsel in the case. In allowing the bill of exceptions the trial judge states, that "defendant's witnesses were all present, and, the court feeling competent to see that none of defendant's rights should be prejudiced, and all of the defenses fully presented in the trial, and believing that the application for continuance was made purely for delay, I overruled the same." "If a defendant in an ordinary felony case is entitled to a continuance on account of sickness and absence of his counsel, what shall be done in the case of the same character where he is unable from the beginning to employ counsel?" The case was tried with no counsel appearing for the defendant, and resulted in his conviction. In connection with the motion for new trial Watson states, that after the refusal of the continuance he conferred with defendant, but found him in such a mental condition as to be unable to give any information about the case. He did not consider defendant to be in such a condition mentally as to be a fit subject of a criminal prosecution. "After I had decided not to represent defendant further, it was explained to him by Judge Kittrell that we had decided not to represent him, as it was best for him, and he concurred in this decision."

We are of opinion that the continuance should have been granted. The case is not one where the accused is unable to secure the services of counsel; nor is it a case where the accused does not desire counsel. He had retained counsel who was familiar with his case, and prepared to properly present it to the court and jury; and without fault upon the part of either defendant or his counsel, he was prevented from having the benefit of his counsel and advice. When a continuance is sought on account of the absence of witnesses, the statute provides under what circumstances the same shall be granted. When a continuance is sought on other grounds, the granting of the same is within the sound discretion of the court. Code Crim. Proc., art. 557; Willson's Crim. Stats., sec. 2181. The bill of rights provides, that "in all criminal prosecutions the accused shall have the right of being heard by himself or counsel or both." The right thus secured is invaluable. The appearance of counsel in a criminal case to speak upon the law to the court, upon the facts to the jury, to see that improper or illegal testimony is excluded, and to cross-examine the witnesses, is not an idle ceremony; and the denial of this right ought to be cause for reversal, the accused not being at fault.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.