### J. C. KUEHN v. THE STATE.

#### No. 3052.   Decided March 1, 1905.

**Local Option—Continuance—Absence of Counsel.**

Where the facts showed that appellant had counsel of his own choosing, and that after he found the condition of said counsel was such that he could not represent him on the trial, he made extraordinary efforts to secure efficient counsel without success, the application for continuance should have been granted on this showing, especially as appellant believed and had reason to believe that his case had been continued by agreement three or four days previous to his trial.

Appeal from the County Court of Clay.   Tried below before Hon. Jas. F. Carter.

Appeal from a conviction of violation of the local option law; penalty, a fine of $60 and thirty days confinement in the county jail.

The opinion states the case.

*W. T. Allen, J. A. Graham* and *L. H. Mathis,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $60 and thirty days confinement in the county jail; hence this appeal.

There is no statement of facts in the record.   The only question presented for our consideration is the action of the court overruling the motion for continuance, and refusing to grant a new trial based thereon. Ordinarily, in the absence of a statement of facts, the action of the court overruling motion for continuance cannot be reviewed.   However, the record here presents an exceptional case—it being based on the absence of appellant's attorney at the trial, occasioned by his sickness. It appears that the information was filed on the 7th of June, 1904— being based on an affidavit made by the sheriff on his belief.   The record further discloses that the sheriff had previously employed two detectives from Grayson County, and his belief appears to have been based on information derived from them.   These were witnesses on the trial against appellant, having been brought by process from Grayson County. On the day of appellant's arrest, he employed W. T. Allen, an attorney of Henrietta, to represent him.   It is shown by affidavits filed by appellant that Allen was a criminal lawyer and was the regular attorney of appellant.   It is further shown that said Allen looked after appellant's case, and until three or four days before the case was to be tried, Allen believed an agreement had been made between him and the county judge, by which said cause was to be continued for the term.   It appears that the county attorney so regarded it.   But this matter was controverted

by State's private counsel, who make affidavits that they had not agreed
to the continuance of appellant's case (together with other local option
cases against two other parties, some ten in all). In the county judge's
statement, it is also shown that he had not agreed to a continuance of
the local option cases, including that against appellant. As soon as
this was ascertained, which was three or four days before the case was to
be tried, appellant's counsel being sick and not in a condition to represent
him in the trial, requested his client to procure other counsel. It is
made to appear that all of the attorneys at Henrietta, save perhaps three,
were disqualified; and that these were not criminal lawyers, but civil
lawyers. Appellant endeavored to procure counsel at other points to
come and represent him. Application was made to lawyers at Gaines-
ville, in Cooke County; Bowie, in Montague County; and Decatur, in
Wise County, without success. When the day of the trial came, appellant
had not secured an attorney, and Mr. Allen being sick, he was forced to
trial without the benefit of counsel. True he had the services of W. G.
Eustiss, Esq., who was one of the civil attorneys at Henrietta above
referred to, in presenting his motion for continuance; but he does not
seem to have represented him otherwise. The application shows that
appellant was himself unlearned in the law, and that he required a law-
yer in order to cross-examine State's witnesses and to present his defense.
These are the main facts involved in the action of the court, and as
stated above, we do not understand them to be controverted. Of course,
the guaranty of the Constitution that appellant should have the right to
be heard by counsel does not require the State or the court to furnish
him with counsel, except in capital cases. Yet the facts above stated
show that appellant had counsel of his own choosing, and that after he
found the condition of said counsel was such he could not represent him,
he made, as it seems to us, extraordinary efforts to secure other efficient
counsel, without success. In this connection it may be observed that
until three or four days of the trial appellant believed and had reason
to believe that his case would be continued for that June term. All the
other criminal cases on the docket were continued, but these were singled
out, and a trial forced upon appellant, in the absence of his counsel.
We believe the facts of this case clearly bring it within the rule laid
down in Daugherty v. State, 33 Texas Crim. Rep., 173; and that, under
the rule there announced, the case should have been continued, or at
least postponed. So that appellant might have had the benefit of his em-
ployed counsel, or an opportunity to procure other counsel learned in
the criminal law. See Scott v. State, 4 Texas Ct. Rep., 902. Because
of the action of the court depriving appellant of the benefit of counsel,
the judgment is reversed and the cause remanded.

*Reversed and remanded.*