### ALVA JOHNSON v. THE STATE.

#### No. 5123. Decided February 12, 1919.

**Theft—Representation by Counsel—Practice in District Court.**

Where, upon appeal from a conviction of theft, appellant contended that he was deprived of counsel in violation of his legal rights, but the record showed that appellant's attorney voluntarily left the courtroom to engage in the trial of a civil case in the County Court. Held, that he was not deprived of his counsel by reason of sickness or any matter that could not have been reasonably overcome, and there was no reversible error.

Appeal from the District Court of McLennan. Tried below before the Hon. R. I. Munroe.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Kibler,* for appellant.—On question of representation by counsel: Daughtry v. State, 26 S. W. Rep., 60; Kuehn v. State, 85 id., 793; Scott v. State, 68 id., 171.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Jackson v. State, 48 Texas Crim. Rep., 373; Kuehn v. State, 47 id., 636, and cases supra.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft and allotted five years in the penitentiary.

The only question presented for revision is the contention that appellant was deprived of counsel in violation of his legal rights. The matter came up on motion for a new trial in the court below, and there was a bill of exceptions reserved. Looking over this bill of exceptions, it occurs to us that the trial judge in his qualification fairly states the facts and the matter presented.

The indictment was returned at the September term, 1917. The case was set for trial in December, 1917, but was continued by operation of law until the January term, and was then continued until the March term, 1918. On October 1, 1917, the defendant gave bond, and from that time until his trial he was at liberty. The case was set for trial March 20, 1918, when defendant appeared in court without an attorney, and stated he had no attorney and was not ready for trial. He said that he had employed an attorney at Wichita Falls and had paid him some money, but the attorney had later advised him he could not represent him and had returned the money. The court informed him that he had had full opportunity to get an attorney, and ordered the trial to begin. At this juncture Mr. Kibler entered the courtroom and announced that he represented the defendant; that he had represented the defendant at his examining trial about a year before and had been paid part of his fee by appellant, and had promised him the balance of the fee agreed upon, but had never paid it; that from this failure the defendant doubtless concluded that Mr. Kibler no longer represented him. Mr. Kibler admitted that appellant had not consulted him in many weeks about the case and had not informed him that it was set for March 20th. Mr. Kibler also stated to the court that at this time, March 20th, he was engaged in the trial of a civil case in the Seventy-fourth District Court, and could not possibly be in the Fifty-fourth District Court to represent the defendant, and asked for a postponement, and the court indicated he would grant one. It was then agreed between Mr. Kibler and the assistant county attorney representing the State that the case should be reset for Monday, March 25th. On the morning of March 25th the State announced ready for trial, whereupon the defendant, by his attorney, presented a motion for postponement on the ground that he was engaged in the trial of a case in the County Court. The County Court case was not mentioned at the resetting of this case March 20th. Mr. Kibler, as set forth in his motion, stated that the County Court case had been entered upon Saturday afternoon, March 23rd, and had been recessed until Monday afternoon, March 25th. He stated also that he had been lately employed in the County Court case, and that the original lawyer, who still represented the litigant in that case was Mr. Tom M. Hamilton. Mr. Hamilton was then actively engaged in the trial of the case, and was the leading counsel in the case. Mr. Hamilton had represented him alone on a former trial, which had resulted in a hung jury. The court stated to Mr. Kibler that this case was set by agreement with, and at the special instance of, Mr. Kibler, without mention of the County Court case; that Mr. Hamilton was an

able lawyer and could properly represent the party in the County Court; that the State's witnesses were here, one from a distant point, and he did not see any good reason for compelling them to make another trip to court. Whereupon he ordered the trial to proceed. The trial was begun and most of the State's testimony introduced. At 2:39 that afternoon Mr. Kibler announced that he would have to go to the County Court and asked that the case be continued until the next morning. The court overruled the motion on the grounds already mentioned, and for the further reason that it would require keeping the jury together and the witnesses in attendance longer than was necessary. Thereupon the attorney left the courtroom and took no further part in the case. After the State had concluded its testimony, the defendant was offered an opportunity to testify or introduce such proof as he desired. He did neither. He did not apply to the clerk for a subpoena for a witness, and at no time did he claim to have any witnesses that he desired in his behalf. During the absence of the defendant's attorney, as during his presence, the court carefully guarded his rights, and he received a fair, legal trial.

This is practically a correct statement of the situation as we understand this record. Under this we are of opinion appellant does not bring himself within the rule that would require a reversal of this judgment for want of counsel. The whole matter seems to depend largely upon the fact that after resetting of the case for March 25th, appellant's counsel had been employed in a County Court civil case to aid Mr. Hamilton, the leading lawyer in that case, to try it. That the civil case begun trial on the 23rd, which was Saturday, and for some reason was set over for further consideration until 2:30 p. m. on Monday, the 25th. Appellant's case was called Monday morning, and when the hour of 2:30 arrived the attorney for appellant absented himself from the courtroom to participate in the trial of the civil case in the County Court. Under these circumstances we are of opinion that appellant was not deprived of his counsel in such way that it would bring it within the rule that would authorize or require this court to reverse. This is not brought within the rule laid down in Dougherty v. State, 33 Texas Crim. Rep., 173, and Kuehn v. State, 47 Texas Crim. Rep., 637.

It is not necessary to decide the question of the authority of the district judge to compel the attendance of the attorney in this case until the completion of the trial. He did not so compel, nor undertake to do so. The attorney voluntarily left the courtroom to engage in the trial of a civil case in the County Court. Appellant was not deprived of his counsel by reason of sickness, or any matter that could not be overcome, at least reasonably overcome. Taking the whole showing made, we are of opinion that appellant has not been deprived of the right of counsel as is contemplated by the law to cause a reversal of this judgment.

This being the only question in the record, the judgment will be affirmed.

*Affirmed.*