MORROW, Presiding Judge.
 

 The offense is bribery; punishment fixed at confinement in the penitentiary for a period of two years.
 

 Patton for the State testified that he was a constable; that one Wesley Tucker had been running a place which had been closed up; that appellant called the witness aside and said that he wanted to open up the place which Tucker had been operating. The witness told him that it might be opened provided it was conducted properly, but that nothing else would be tolerated. Appellant said: “I can make you some money, and make some money for myself.” The witness replied: “What do you mean?” Appellant said: “I can pay you eight or nine dollars a week.” The witness said: “John you can’t do that. I am not going to have anything like that at all.” According to the witness the appellant came to his house a few days later and handed him five dollars. Patton asked what it was for and appellant said: “We have been having some games down there, and I will give you more next week.” Patton said: “No, you won’t give me more next week.” Pie then took charge of the appellant and placed him in jail. The witness said that he still had the money which the appellant had given him and exhibited it upon the trial. It consisted of two one-dollar bills and three silver dollars. The witness further said:
 

 “’He said that he wanted to open up this gambling house, allow them to come there and gamble. He gave me the money for that purpose, to keep me from coming down there to bother him.”
 

 On cross-examination, he said:
 

 “Yes, I said that you gave me that money to allow you to run a gambling house. That is what you told me.”
 

 Appellant’s testimony ivas to the effect that he had conducted no gambling house and had not intended to do so. He introduced several witnesses to support his theory that he had not been engaged in keeping a gambling house. According to the appellant’s testimony, his boy had run off and had gone to Crockett. He went to Patton’s house and said: “I want to talk to you a little.” Patton, with an oath, said: “Come on here and get in this car. I will put you in jail. I will learn you how to come up here and try to bribe me.” Appellant said: “Mr. Patton, I am not trying to bribe you.” He
 
 *499
 
 further said that he did not give Patton five dollars; that he had no previous conversation upon the subject of opening up the establishment.
 

 Appellant insists that the State’s testimony consists of that of an accomplice; that the record being bare of corroboration and by reason of the statute declaring that a conviction cannot be had upon the accomplice testimony alone, the judgment must be reversed. The soundness of this contention depends upon whether under the evidence Patton was an accomplice. It has been held that in a bribery case, one who initiates the transaction and takes part in the commission of the offense is an accomplice as a matter of law. See Davis v. State, 70 Texas Crim. Rep. 530. It is thought, however, that where there is cogent evidence that an officer does not initiate the transaction or induce the perpetration of the offense but simply im tliers the design conceived and put in motion by the accused, whether the officer is an accomplice witness becomes a question of fact. Chitister v. State, 33 Texas Crim. Rep. 635; Minter v. State, 70 Texas Crim. Rep. 645; and cases there collated. See Corpus Juris, Vol. 16, p. 678, sec. 1370, note 63, in which are cited many Texas cases; Ruling Case Law, Vol. 1, p. 159; Smith v. State, 89 Texas Crim. Rep. 147. In the latter case, speaking of feigned accomplices, it was said:
 

 “The element which distinguishes them from real accomplices is the absence of criminal intent. Where the evidence is without conflict and susceptible of no inference other than that of innocent intent, there is no issue of fact for the jury, but the witness, as a matter of law, is not an accomplice.”
 

 Appellant’s testimony is that he gave no bribe; that he was not engaged in any illegal business. The testimony of the State’s witness is that the appellant gave money to Patton to bribe him, but that Patton, instead of accepting the money as-a bribe, immediately arrested the appellant for the offense of bribery. We confess that we perceive no evidence upon which to base such inference of criminal intent in the witness Patton as would characterize him as an accomplice as a matter of law. Patton not being an accomplice witness as a matter of law, if the facts would justify the inference that he was such witness in fact, it would have been incumbent upon the accused to demand that the jury be called upon to determine the question. This demand not having been made, the verdict would not be vitiated by the evidence, if such there wa,s, tending to characterize Patton as an accomplice witness.
 

 Appellant insists, however, that accepting the State’s theory that Patton did not accept the bribe, the case is not one of
 
 bribery
 
 but of an
 
 offer to bribe
 
 and that therefore the proof is variant from the averment, and the judgment cannot stand. According to the State’s theory, the appellant tendered the money as a bribe and Patton
 
 *500
 
 received it. It was not essential to the appellant’s conviction that in receiving the money Patton acted with a criminal intent. Minter v. State, 70 Texas Crim. Rep. 646; Com. v. Murray, 135 Mass. 530; State v. Dudoussat, 47 La. 977; O ’Brien v. State, 7 Texas Crim. App. 181; Rath v. State, 35 Texas Crim. Rep. 142; see also Amer. Law Rep., Vol. 18, p. 152, note. In delivering the money to Patton with the intent to bribe him, the appellant committed the offense without regard to the motive of Patton in receiving the money.
 

 In his motion for new trial appellant avers that he had employed a firm of attorneys to represent him; that on the day the case was called for trial his attorneys demanded a sum of money as balance due on the attorney’s fee. Appellant being unable to pay the same, the attorney’s withdrew from the case. He then requested time within which to see another attorney, and was allowed a short time, but being unable to procure counsel, his case proceeded to trial. The record is bare of any bills of exception verifying these averments or anything other than the appellant’s affidavit. Generally speaking, the failure to grant a motion to postpone or to continue cannot be reviewed in the absence of a bill of exceptions showing that the motion was made, the action of the court, and the reasons assigned. This has been held in many cases. See Nelson v. State, 1 Texas Crim. App. 44, and numerous other cases, cited by Mr. Branch in his Ann. Texas P. C., Sec. 304. In exceptional cases the court has reviewed such matter when presented for the first time in the motion for new trial. See Jackson v. State, 48 Texas Crim. Rep. 373. In that case the motion for new trial was re-enforced by affidavits of witnesses showing a strong probability of the innocence of the accused. In his motion it appears that he had secured the services of an attorney who represented him before the magistrate court, that he understood and believed that the attorney would represent him upon his trial; that he learned the contrary upon the day of the trial. He informed the trial judge of his predicament and was forced to trial. Witnesses supporting his defense whose affidavits accompanied his motion for new trial had not been subpoenaed, he having relied upon the attorney to cause the issuance of process for them.
 

 In the present case, reliance seems to be had solely upon the fact that his attorneys abandoned his ease because the terms of employment had not been met. In a felony ease of less than capital, the law does not make the presence of an attorney. essential. It recognizes the right of the accused to be represented by counsel, but it imposes upon him the duty of using diligence in securing their services. In the motion there is nothing revealing what would have been done had the attorney been present other than that which was done. The evidence does not suggest the absence of any witnesses due to the failure of the attorneys to perform their duty. On the contrary, a number of witnesses testified in behalf of the appellant.
 
 *501
 
 No suggestion is made in the motion of any evidence that might have been produced in his favor. Neither does it show that any improper evidence against him was received. As we comprehend it, a reversal is sought solely because the appellant was not rej) resented by an attorney. This position this court cannot sanction. The appellant apparently by his own neglect failed in advance to make arrangements with attorneys to represent him. failed to comply with the rules of procedure with reference to making.a written motion to postpone, and in his motion for new trial sets up no equitable ground upon which this court might feel warranted in acting or in concluding that the presence of an attorney would have brought about a more favorable result of the trial. See Johnson v. State, 84 Texas Crim. Rep. 567.
 

 The judgment is affirmed.
 

 Affirmed.