FREDDIE FULLER v. THE STATE.

No. 14218.    Delivered April 1, 1931.

The opinion states the case.

*J. S. Bracewell* and *Chas. B. Spiner,* both of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

A. R. Harris lost a Ford coupe on August 12, 1930. On the same day officers found the automobile at the home of appellant's sister. Appellant was in bed at his sister's home when the officers discovered the car. The keys belonging to the car were found in appellant's pocket. Appellant did not testify in his own behalf.

The indictment was returned September 10, 1930. On October 14, 1930, the case was called for trial. Appellant had been in jail since the arrest on August 12, 1930. An attorney appeared in court at the time the case was called for trial and volunteered to represent appellant provided a postponement could be obtained for a reasonable time. It appears from the allegations in appellant's motion to postpone the case that this attorney was at the time engaged in preparing for the trial of a civil case which was set for October 15, 1930, and in which case the attorney had been employed prior to tendering his services to appellant. It was further averred in the motion that the attorney was not familiar with the facts of appellant's case. It was requested that the case be postponed for one week. While appellant in part predicated his motion for a new trial upon the refusal of the court to postpone the case, he failed to offer any proof in support of the allegations contained in the motion. Reliance seems to have been had solely upon the fact that the attorney was not willing to proceed with the trial on October 14, 1930, because of the fact that he was employed in a civil case which was to be called for trial on the following day.

In the motion for new trial there is nothing revealing what would have been done had the attorney been present other than that which was done. The record does not suggest the absence of any witnesses due to the absence of the attorney from the trial. No suggestion is made in the motion of any evidence that might have been adduced in appellant's favor. It is not shown that any improper evidence against him was received. As far as the record reflects the matter, appellant, by his own neglect, failed in advance to make arrangements with attorneys to represent him. He had been under arrest more than two months at the time his case was called for trial. There is nothing to show that he had made any effort to procure the services of counsel during such time. While it is true that he was incarcerated in jail, he had relatives who appeared and testified at the trial. The record fails to reveal that he requested his relatives to procure the services of counsel for him. There were few witnsses to the transaction out of which the prosecution grew. It appears that they were all present in court, and testified. It is manifested by the record that it would have consumed but little time for the attorney volunteering his services to have talked to the witnesses and acquainted himself with the facts. The civil case in which he was employed was not to be

called for trial, according to the allegations in the motion, until the following day. There is nothing in the record to show that the case against appellant could not have been tried in a few hours if the attorney had proceeded with the trial.

In a felony case of less than capital, the law does not make the presence of an attorney essential. It recognizes the right of the accused to be represented by counsel, but imposes upon him the duty of using diligence in securing representation. Sowells v. State, 99 Texas Crim. Rep., 465, 270 S. W., 558. Appellant apparently by his own neglect failed in advance to make arrangements with attorneys to represent him. In his motion for new trial he sets up no equitable ground and no defense upon which this court might feel warranted in concluding that the presence of an attorney would have brought about a more favorable result of the trial. Sowells v. State, supra. Under the circumstances we are of the opinion that appellant was not deprived of counsel in such way as to bring the case within the rule laid down in Daugherty v. State, 33 Texas Crim. Rep., 173, 26 S. W., 60, and Kuehn v. State, 47 Texas Crim. Rep., 637, 85 S. W., 793. See Johnson v. State, 84 Texas Crim. Rep., 567, 208 S. W., 928.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.