### ROY STEVENS V. THE STATE.

No. 17365. Delivered April 3, 1935.
Rehearing Denied May 8, 1935.

532

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, eighteen months in the penitentiary.

The original opinion heretofore handed down in this case is withdrawn, and the following substituted.

We think the indictment sufficient. It charged appellant with possession for the purpose of sale of spirituous, etc. liquor. The proof was of possession of whisky.

The main question before us is the court's refusal to continue the case and thereby substantially depriving appellant of counsel. After his indictment appellant employed an attorney. Thereafter the case came up for trial at the August term of 1934 of the court below, it being called for such trial on Monday, September 17th. At said time it was made known to the court that appellant's attorney, who had been sick with intestinal flu, had suffered a relapse, and was not able to appear and represent appellant. This fact was attested by the certificate of a physician, and the affidavit of his attorney. The case was reset for September 20th, and the trial court informed appellant that it would be better for him to see about getting another attorney. On September 20th an application for continuance was presented to the court below, in which it was made to appear that appellant had consulted three attorneys living in Tulia, the county seat of Swisher county, where the case was pending, and tried to get them to represent him, but each for reasons declined. These were the only attorneys resident in said town, save one who was absent and could not be reached. In addition,—and for further excuse

for not having an attorney, appellant said in his application that he had paid all the funds he possessed to the attorney whom he had employed and was without funds to hire another had one been available. The application to continue was accompained by the certificate of the doctor and the affidavit of the attorney, stating, in substance, that said attorney was sick and unable to appear. This fact seems in no way controverted.

We regard the judge before whom this case was tried as one of the most careful, able and considerate of our trial courts, but are not quite able to agree with him in his conclusion that the application for continuance should not have been granted.

Our Constitution and Bill of Rights guarantees to every citizen the right to be heard by himself or counsel, or both, and the courts have apparently tried jealously to safeguard the guarantee. Roe v. State, 25 Tex App., 66; Daugherty v. State, 33 Texas Crim. Rep., 173; Kuehn v. State, 47 Texas Crim. Rep., 636. In Spangler v. State, 42 Texas Crim. Rep., 235, we said the right to be heard by counsel is a sacred right, and when denied will constitute cause for reversal. The Kuehn case, supra, is somewhat like the case at bar. In same the lawyer hired by the accused was sick when the case was called; the accused made effort to get other attorneys and failed. He had to go to trial without a lawyer. Citing the Daugherty case, supra, this court held that the refusal to continue in effect deprived the accused of counsel, and the case was reversed on that ground alone. In Johnson v. State, 84 Texas Crim. Rep., 569, in differentiating that case on its facts, Judge Davidson referred to the Kuehn case, supra, but said, referring to the case before him: "Appellant was not deprived of his counsel by reason of sickness, or any matter that could not be overcome." See also Patterson v. State, 60 S. W. Rep., 560; Walker v. State, 32 Texas Crim. Rep., 179; McLean v. State, 32 Texas Crim. Rep., 521; Jackson v. State, 55 Texas Crim. Rep., 79. The case of Fuller v. State, 117 Texas Crim. Rep., 558, readily distinguishes itself on the facts from this case and those cited.

While there was no showing of any affirmative facts establishing a defense in this case, we regard this proposition, in a situation like this, as aside from the question. Appellant did not get the minimum penalty. He also had an application for suspended sentence. Appellant did not know how to present his case, or set up the fact that he had any affirmative defense. He is not and was not a lawyer. Even if guilty, he is entitled to be convicted according to the law and the Constitution.

534

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing on the ground that we had no right to consider appellant's only bill of exceptions, upon which we relied for our reversal of this case,—the State contending that said bill was filed too late.

From the record it appears that appellant's bill of exceptions to the court's refusal to grant his continuance was presented to the court on October 20, 1934, but was on said date qualified by said court, to which qualification appellant excepted in writing, and the court then undertook to prepare, and did prepare a bill of exceptions of his own in lieu of the one prepared and presented by appellant,—which latter bill was approved on September 22, 1934, and which concludes in the following language: "And the court here and now files the above as the defendant's bill of exception on the action of the court in overruling the defendant's said third motion for continuance therein as a part of the record in this case. This the 22nd day of October, A.D. 1934. Charles Clements, Judge 64th Judicial District of Texas. Endorsed: No. 807, The State of Texas vs. Roy Stevens." The date of the clerk's file mark on said bill is October 31, 1934.

The term of the trial court ended September 22, 1934. Under the terms of article 760, C. C. P., appellant was allowed thirty days in which to file his bills of exception, without any order of the court in regard to the matter. It thus appears that the notation placed upon the bill prepared by the learned trial judge was within the time allowed by statute for filing such bill. Why the clerk did not then put upon same his file mark as contained in the order of the court above quoted is not shown. We are not informed as to whether the court delivered to appellant the court's bill of exceptions. The matter is uncertain. We are unwilling to let one suffer deprivation of a bill of exceptions under the circumstances. See Kirkpatrick v. State, 85 Texas Crim. Rep., 172.

The State's motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.