BENITO MORALES, JOSE MORALES, AND MANUEL MORALES V. STATE

No. 24281. March 2, 1949.
Appellant's Motion for Rehearing Denied (Without Written Opinion) April 20, 1949.

*Duckett & Duckett,* El Campo, for appellants.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellants were jointly charged by complaint and information in the county court with the offense of an aggravated assault. The punishment of Benito Morales was assessed at confinement in the county jail for a term of one year, and the punishment assessed against Jose Morales and Manuel Morales was confinement in the county jail for a period of six months each.

The record reflects that appellants appeared in court and each entered a plea of guilty to the court who found each of them guilty as charged and assessed the punishment against each as hereinabove stated. After their conviction, they secured the services of attorneys who filed a motion for a new trial in which they claimed that they were denied counsel and many errors of procedure, not necessary to be here stated, were committed by the court. The state contested this motion and denied each and every allegation therein. On the hearing of the same, the court heard evidence relative to the issues formed and at the conclusion thereof overruled the same.

The court's decision on issues of fact has the same binding effect as if the issues had been decided by a jury. Ordinarily the granting or refusal of a motion for a new trial rests within the sound discretion of the court and unless it is made to appear that the court abused his discretion with respect thereto, no reversible error is shown. See Cobb v. State, 71 Tex. Cr. R. 397 (160 S. W. 78) ; Sowells v. State, 99 Tex. Cr. R. 465 (270 S. W. 558) ; and Carter v. State, 130 Tex. Cr. R. 566 (95 S. W. 389).

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.