**Jose David SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–459–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1999.

Rehearing Overruled June 3, 1999.

L. Gayle Nelson, Corpus Christi, for appellant.

Carlos Valdez, Dist, Atty., Anne L. Mulligan, Asst. Dist. Atty., Corpus Christi, for the State.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Justice RODRIGUEZ.

Appellant, Jose David Sanchez, was convicted of murder.[1] On motion for new trial, his original conviction was set aside and a new trial ordered. Following retrial, appellant was again convicted. In six points of error, appellant challenges his conviction. We reverse the second judgment and reinstate the original.

During the first trial, after the jury was empaneled but before testimony was heard, a juror claimed that because of an association with the appellant, he would be unable to fairly assess the facts in the case. He was subsequently dismissed for cause. Thereafter, the parties agreed to proceed with eleven jurors. That jury convicted appellant of murder and assessed punishment at sixty years confinement and a $10,000 fine.

Appellant, claiming it was improper to have been tried with only eleven jurors, filed a motion for new trial. The trial judge, purporting to grant a post-judgment mistrial, ordered appellant retried. Appellant was again tried—this time with

---

1. TEX. PENAL CODE ANN. § 19.02 (Vernon 1994).

twelve jurors, who found him guilty of murder and assessed punishment at thirty years confinement and a $10,000 fine.

■ In his second point of error, appellant asserts the trial court erred in conducting a second trial because there was no written order granting a new trial.

■ Texas Rule of Appellate Procedure 21.8 requires the trial court to rule on a motion for new trial by **written order** within seventy-five days after the sentence is imposed. TEX.R.APP. P. 21.8. Failure to rule on such a motion by written order results in it being overruled by operation of law. *See State v. Garza,* 931 S.W.2d 560, 562 (Tex.Crim.App.1996).

Here, both appellant and the State agree there was no written order granting appellant's motion for new trial. Additionally, the record clearly reflects no such order exists. Therefore, the motion for new trial was overruled by operation of law. Appellant's second point of error is sustained.

■ In his third point of error, appellant contends the trial court erred in granting a mistrial during the hearing on appellant's motion for new trial. Specifically, appellant argues that: (1) he did not request a mistrial,[2] (2) he did not consent to a mistrial, (3) he was not given an opportunity to object to a mistrial, (4) no habeas corpus relief was sought, and (5) there was no manifest necessity for granting a mistrial.

At the conclusion of the hearing on appellant's motion for new trial, the trial judge stated: "[t]he Court feels obligated, therefore, to grant the motion of the Defendant here as a result of which will be a retrial. I am of the opinion it is a mistrial, we have a void judgment." The effect of

the court's proclamation is the granting of a post-judgment mistrial, which the State argues is a "functional impossibility."

■ "Although nowhere expressly provided for in the Code of Criminal Procedure, an order of mistrial ordinarily occurs before completion of the trial and the rendition of judgment." *Rodriguez v. State,* 852 S.W.2d 516, 518 (Tex.Crim.App. 1993). This Court has previously held that where a trial court orders a post-verdict mistrial, it is "functionally indistinguishable" from the granting of a motion for new trial because it "returns the case to the posture in which it had been before trial." *State v. Garza,* 774 S.W.2d 724, 726 (Tex.App.—Corpus Christi 1989, pet. ref'd); *see also State v. Evans,* 843 S.W.2d 576, 577 (Tex.Crim.App.1992) (holding order granting motion to withdraw plea to be the "functional equivalent" of an order granting a new trial because, like a post-verdict mistrial, it returns case to posture it had been before trial). In the instant case, not only had the jury returned a verdict, but the trial court had rendered judgment before it ordered a mistrial. A post-judgment mistrial, like a post-verdict mistrial, returns the case to the posture it had been prior to trial and is, therefore, "functionally indistinguishable" from the granting of a motion for new trial. Accordingly, we hold that, like a motion for new trial, where the trial court purports to grant a post-judgment mistrial, it must be evidenced by a written order.[3] To hold otherwise would thwart the rules of procedure by allowing trial courts to verbally grant new trials by mistakenly calling them mistrials.

Because there is no written order granting the mistrial in this case, we hold appellant's post-judgment motion for mistrial

---

**2.** While appellant asserts on appeal that he did not request a mistrial, the record clearly reflects that he did, in fact, make an oral motion for mistrial during the hearing on his motion for new trial.

**3.** This in no way affects the ability of a trial court to verbally order a mistrial while a case is still "pending" before it.

was overruled by operation of law upon the expiration of the trial court's jurisdiction. *See* Tex.R.App. P. 21.8(a).[4] Appellant's third point of error is sustained.

Having found the trial court erred in granting either a new trial or a mistrial, the second trial is a nullity. Because points of error four through nine only challenge the second conviction, we need not address them.

■ Finally, we address appellant's first point challenging the original conviction. Appellant asserts that his conviction violates Texas Code of Criminal Procedure article 36.29(a) because he was tried by only eleven jurors.

Article 36.29(a) states that "[n]ot less than twelve jurors can render and return a verdict in a felony case.... Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict...." Tex.Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp.1999). While this case was pending, a juror was dismissed for cause, leaving only eleven jurors. Appellant and the State agreed to proceed with eleven jurors. That jury convicted appellant of murder and sentenced him to sixty years in prison.

In *Hatch v. State*, 958 S.W.2d 813 (Tex. Crim.App.1997), the court of criminal appeals held an appellant could waive the twelve juror requirement of article 36.29(a) in non-capital felony cases. *Id.* at 816. Here, there is no question that appellant waived the twelve juror requirement. This was a non-capital felony case. Accordingly, we overrule appellant's first point of error.

We REVERSE the August 28, 1996 judgment of the trial court and REINSTATE the judgment of June 27, 1996.

---

**4.** While rule 21.8(a) governs the trial court's jurisdiction upon a criminal defendant's filing of a motion for new trial, it is equally applicable where, as here, the motion for mistrial is filed during the pendency of the motion for new trial and is itself "functionally indistinguishable" from a motion for new trial.