The STATE of Texas, Appellant,

v.

George DOYLE, Appellee.

No. 13–03–602–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 22, 2004.

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for appellant.

James R. Lawrence, Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

The State appeals from the trial court's grant of defendant/appellee's motion for mistrial. In two issues, the State contends the trial court abused its discretion by: (1) granting a motion for new trial absent a written and filed motion; and (2) granting a new trial solely because the defendant's trial counsel died shortly after the jury returned a guilty verdict and before punishment phase began. We affirm.

### I. Background

A jury found appellee George Doyle guilty of murder on September 10, 2003.[1] Shortly after the jury delivered its verdict, his court-appointed attorney suffered a heart attack and died. The following day, Doyle's new court-appointed attorney moved for mistrial, claiming that the death of Doyle's trial counsel precluded Doyle from receiving effective representation during the punishment phase of the trial. In a hearing several days later, the trial court granted the defendant's motion for mistrial, citing the interest of justice and the court's intent to avoid further delay

1. *See* Tex Pen.Code Ann. § 19.02 (Vernon 2003).

and potential ineffective assistance claims based on representation by two different attorneys in the guilt/innocence and punishment phases.

## Applicable Law

■ The State has a right to appeal an order of the court granting a new trial. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon Supp.2004). A new trial is "the rehearing of a criminal action after the court has, on the defendant's motion, set aside a finding or verdict of guilt." TEX. R.APP. P. 21.1 This Court has allowed the State to appeal a post-verdict request for, and grant of, a mistrial, holding that "a post-verdict mistrial ruling which returns the case to the posture in which it had been in before trial is functionally indistinguishable from an order granting a new trial." *State v. Garza*, 774 S.W.2d 724, 726 (Tex.App.-Corpus Christi 1989, pet. ref'd); *see also State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App.1992). Here, as in *Garza*, the trial court granted appellant's oral motion for mistrial after the jury had returned a guilty verdict but before the punishment phase began. *See Garza*, 774 S.W.2d at 725. We conclude that the trial court's order granting a mistrial is functionally indistinguishable from a grant of a new trial. Accordingly, the State has the right of appeal. *See id.* at 726; *see also* TEX.CODE CRIM PROC. ANN. art. 44.01(a)(3).

■ In its first issue, the State contends that the trial court abused its discretion in granting a new trial absent a written and filed motion for new trial. Appellant argues that to serve as the functional equivalent of a motion for new trial, a motion for a mistrial must also be in writing and filed

within thirty days of the date when the trial court suspends or imposes sentence.[2] We must first decide whether we should review the trial court's order as granting a mistrial or a new trial.

■ Although not specifically provided for in the code of criminal procedure, a mistrial ordinarily occurs before the completion of trial and the rendition of judgment. *Rodriguez v. State*, 852 S.W.2d 516, 518 (Tex.Crim.App.1993). The Texas Supreme Court, in 1925, aptly stated:

> There is ... a marked difference between a court granting a motion for a new trial and declaring a mistrial. The former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted. The latter results where, before a trial is completed and judgment rendered, the trial court concludes there is some error or *irregularity* that prevents a proper judgment being rendered, in which event he may declare a mistrial.

*Cortimeglia v. Herron*, 281 S.W. 305, 306 (Tex.Civ.App.-Waco 1925) (emphasis added; citations omitted).

■ As a practical matter, the circumstances surrounding a motion for mistrial are often such that the motion arises during the trial in response to some error or irregularity. Thus, it is. proper for a motion for mistrial to be made, and also granted, orally. *See e.g., Garza*, 774 S.W.2d at 725; *Durst v. State*, 900 S.W.2d 134, 138 (Tex.App.-Beaumont 1995, pet. ref'd).

In a case where, as here, the jury is to decide the matter of punishment, the ver-

---

**2.** Texas Rule of Appellate Procedure 21.4 provides that "the defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX.R.APP. P. 21.4. We note that while appellant points to this rule to justify its argument that the motion for new trial must be written, we find no such express provision, either in this rule or in any other rule, statute, or case law which may be applicable to this action.

dict is not complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and, upon a finding of guilty, the amount of punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(c) (Vernon Supp 2004).

We have previously declined to extend procedural rules to a grant of a mistrial which is functionally indistinguishable from a grant of a new trial. *See Sanchez v. State*, 990 S.W.2d 304, 306 (Tex.App.-Corpus Christi 1999, no pet.). In *Sanchez*, the defendant was convicted of murder and sentenced to sixty years confinement and a $10,000 fine by only eleven jurors. *Id.* at 305. The defendant filed a motion for new trial on the grounds that it was improper to be tried with only eleven jurors. *Id.* at 305–06. The judge, under the guise of a post-judgment mistrial, ordered the defendant retried. *Id.* Although we held in *Sanchez* that a written order granting a new trial was required following a post-*judgment* grant of a mistrial, it "in no way affects the ability of a trial court to verbally order a mistrial while a case is still 'pending' before it." *Id.* at 306–07. An action or suit is "pending" from its inception through rendition of final judgment. *Cuellar v. State*, 521 S.W.2d 277, 280 (Tex. Crim.App.1975).

We can distinguish *Sanchez* from the present case in that a verdict in both the guilt and punishment phases had been rendered in that case, making the judgment final under article 37.07, section 3(c). *See Sanchez*, 990 S.W.2d at 305–07; *see also* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(c). Here, final judgment was not rendered by the trial court because no verdict had been rendered in the punishment phase of the trial. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(c).

Finally, other appellate courts have found that an oral motion to withdraw plea or motion for mistrial is proper. *See, e.g., Durst v. State*, 900 S.W.2d 134, 138 (Tex. App.-Beaumont 1995, pet. ref'd). In *Durst*, the court found that an oral motion to withdraw plea served as the functional equivalent of a new trial. *Id.* The State's argument in *Durst* was similar to that advanced by the State here, that the motion must be written and filed within thirty days. *See id.* The court overruled the State's argument, holding that "whether oral or written, the motion to withdraw plea or motion for mistrial can be the functional equivalent of a new trial." *Id.* (emphasis added). We agree. The oral motion for mistrial was permissible in this case. Appellant's first issue is overruled.

 The State contends in its second issue that the trial court abused its discretion because the death of appellee's appointed trial counsel before punishment phase began is inadequate grounds for a mistrial.[3] The standard of review of a trial court's grant or denial of a motion for mistrial is abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999); *Cano v. State*, 3 S.W.3d 99, 109 (Tex.App.-Corpus Christi 1999, pet. ref'd). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim. App.1990). We review the facts in the light most favorable to the ruling. *See State v. Cabrera*, 24 S.W.3d 528, 529 (Tex. App.-Corpus Christi 2000, pet. ref'd). It is

---

**3.** The State argues that the grant of a new trial must be based specifically on grounds listed in Texas Rule of Appellate Procedure 21.3. However, we have determined that we review the trial court's order as the grant of a mistrial, rather than as the grant of a new trial. In addition, the State has recognized in its brief that, even if reviewed as a grant of a new trial, there are other grounds than those listed in rule 21.3 for which a grant of a new trial is appropriate. Therefore, we will not address this argument. *See,* TEX.R.APP. P. 47.1.

an abuse of discretion to grant a mistrial where less drastic means are available. *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim.App.1995).

The determination whether a mistrial is necessary must be made by examining the particular facts of the case. *Ladd*, 3 S.W.3d at 567. The facts in this case are unique. We have found no case that addresses the issue of whether an attorney's death, which occurred between the guilt/innocence phase and the punishment phase of a jury trial, necessitated a mistrial. The case law regarding the disability of an attorney at trial also is limited, generally turning on whether or not to grant a continuance.

Viewing the facts in the light most favorable to the ruling, we must determine whether granting a continuance to permit Doyle's newly-appointed attorney to adequately prepare for punishment phase of the trial was a less drastic means of ensuring that Doyle received the effective assistance of counsel during the punishment phase of the trial. *Brown*, 907 S.W.2d at 839; *Cabrera*, 24 S.W.3d at 529.

Generally, a trial court does not abuse its discretion in denying a motion for continuance on the grounds that a defendant's attorney is disabled when the record reflects that the defendant was ably represented or had more than one attorney available who could provide able representation. *See Rosales v. State*, 841 S.W.2d 368 (Tex.Crim.App.1992) (holding that a continuance was not necessary when the defendant was ably represented by associate counsel after lead counsel became unable to continue with trial); *see also Miller v. State*, 537 S.W.2d 725 (Tex. Crim.App.1976); *Alexander v. State*, 4 Tex.App. 261 (1878) (finding no abuse when defendant was tried without his attorney, who was sick, but with appointed counsel who knew nothing of the case and was appointed on the day of the trial).

However, the courts have been quick to find an abuse of discretion when a defendant is tried without the assistance of counsel after the denial of a motion for continuance. *See Stevens v. State*, 128 Tex.Crim. 531, 82 S.W.2d 148 (1935) (finding abuse of discretion in failing to postpone trial until defendant's attorney could recover from illness, and instead allowing trial with defendant unrepresented); *see also Kuehn v. State*, 47 Tex.Crim. 636, 85 S.W. 793 (1905) (finding abuse when defendant was tried without his attorney, who was ill, after defendant had taken "extraordinary efforts" to retain counsel in the four days preceding trial); *Daughtery v. State*, 33 · Tex.Crim. 173, 26 S.W. 60 (1894).

However, these cases do not address the question of whether the grant of a mistrial was appropriate, rather than a grant of a continuance, when there was a disability or death of counsel. *See Rosales*, 841 S.W.2d at 373–75; *see also Miller*, 537 S.W.2d at 725; *Stevens*, 128 Tex.Crim. 531, 82 S.W.2d 148; *Kuehn*, 47 Tex.Crim. 636, 85 S.W. 793; *Daughtery*, 33 Tex.Crim. 173, 26 S.W. 60; *Alexander*, 4 Tex.App. 261. First, the question of whether to grant a continuance in the above cases was most often considered before trial commenced. *See Kuehn v. State*, 47 Tex.Crim. 636, 85 S.W. 793; *Daughtery v. State*, 33 Tex. Crim. 173, 26 S.W. 60. Here, only one phase of a bifurcated trial had been completed, and a full verdict had not been rendered. Second, in the cases cited, if the trial had already commenced, the facts and circumstances were favorable to a denial of a motion for continuance because of the availability of able substitute counsel. *See Rosales*, 841 S.W.2d at 374–75. In the present case, no counsel with sufficient knowledge of the facts was available to adequately represent appellee without an extended continuance.

We cannot say, under the facts and circumstances of this case, that the trial court abused its discretion in granting a mistrial. The trial court articulated valid reasons regarding why it considered a continuance inadequate. The record reflects that the trial judge, after hearing arguments on the motion for mistrial, stated concern about the possibility of an appeal based on ineffective assistance of counsel during the punishment phase. In addition, the trial court questioned the effect of a prolonged recess, estimated at a month or longer by the court, on the existing jury, given the media attention the case had received. The trial court would also not abuse its discretion by considering the scenario of the punishment phase being conducted by a new jury, and viewing the infringement on Doyle's statutory right to have punishment assessed by the same jury as unfavorable.[4] We conclude that the trial court acted within its discretion in concluding that a continuance was not a less drastic means than a mistrial to protect Doyle's right to the effective assistance of counsel. Therefore, we hold that it was not an abuse of discretion to grant the mistrial. Appellant's second issue is overruled.

The JUDGMENT of the trial court is AFFIRMED.

---

4. A defendant in a non-capital case may, before commencement of voir dire examination, elect to have punishment assessed by the same jury. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp.2004).