In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-535 CR


 ______________________


 

EX PARTE BRUCE MARX






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 84732-A






MEMORANDUM OPINION


 Bruce Marx was convicted in a non-jury trial of burglary of a building. The trial court
sentenced him to two years in the state jail and probated his sentence. See Marx v. State, No.
09-03-235 CR, 2004 WL 2955270, at *1 (Tex. App.-- Beaumont Dec. 22, 2004, pet. ref'd). 
On appeal, this Court affirmed his conviction. Id. at *5. The Court of Criminal Appeals
denied his petition for discretionary review. Pursuant to article 11.072 of the Texas Code of
Criminal Procedure, Marx filed an application for writ of habeas corpus with the trial court,
which denied the application. See Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005). 
Raising five issues, Marx appeals to this Court. (1)

 Marx retained attorney Jack Lawrence to represent him in connection with the
burglary charge, and Lawrence remained as counsel through trial. By affidavit attached to
the habeas corpus petition, attorney Lawrence stated, "I felt that I was not qualified to handle
this felony trial before a jury because I did not have sufficient jury trial experience." 
Lawrence then brought in Robert Wood, an attorney "who I knew to possess adequate jury
experience to handle the jury trial." In his affidavit, Lawrence stated he "was to assist
[Wood] and handle all of the legal arguments during trial." According to the affidavit, Wood
was retained approximately a year before trial. We noted in our opinion in the direct appeal
that counsel had made his appearance in the case a month before the motion for continuance
was filed. See Marx, 2004 WL 2955270, at *4. Lawrence stated in his affidavit that
approximately "one week before trial, Mr. Wood found out that he had to undergo immediate
surgery for cancer[,]" a "circumstance [that] was totally unexpected and not anticipated." 
Lawrence filed a fourth motion for continuance, which the trial court denied. Lawrence then
"advised Mr. Marx to waive his right to jury trial." Marx did so, and the case was tried to
the court. Wood's affidavit, attached to Marx's application for writ of habeas corpus, attests
to similar facts regarding Wood's medical condition at the time the case was set for trial.

 An applicant for a writ of habeas corpus has the burden of proving his allegations by
a preponderance of the evidence. Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App.
1995). In reviewing a trial court's decision on a habeas corpus application, an appellate court
reviews the facts in the light most favorable to the trial court's ruling and, absent an abuse
of discretion, upholds the ruling. See Ex parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim.
App. 2003), overruled on other grounds by Ex parte Lewis, 219 S.W.3d 335 (Tex. Crim.
App. 2007). We give almost total deference to a trial court's determination of historical facts
especially when the findings are based on an evaluation of credibility and demeanor. 
Peterson, 117 S.W.3d at 819. We afford the same deference to the trial court's application
of the law to the facts, if the resolution of the ultimate questions turns on an evaluation of
credibility and demeanor. Id. If the resolution of the ultimate questions turns on an
application of legal standards, we review the determination de novo. Id. 

 In issues one through three, Marx argues the trial court violated his Sixth Amendment
right to choose his own counsel. The right to select counsel of one's choice is considered the
core meaning of the Sixth Amendment's guarantee of right to counsel. See United States v.
Gonzalez-Lopez, 74 U.S.L.W. 4453 (2006). 126 S.Ct. 2557, 2563, 165 L.Ed.2d 409. A trial
court's erroneous deprivation of this right is structural error and not subject to harmless-error
analysis. Id., 126 S.Ct. at 2564, 2566. The error requires automatic reversal on appeal. Id. 
 Relying on Gonzalez-Lopez, Marx argues the trial court's denial of the motion for
continuance effectively deprived him of his right to choose his own counsel. Id. This case
is distinguishable from Gonzalez-Lopez. There, the defendant's family hired a local attorney
to represent him. Id. at 2560-61. After arraignment, the defendant contacted an out-of-state
attorney concerning representation. Id. at 2560. Ultimately, the defendant decided to retain
only the out-of-state counsel, who filed for admission pro hac vice. Id. The district court
twice denied the attorney's application, because the attorney allegedly violated the rules of
professional conduct by communicating with a represented party. Id. at 2560-61. The State
conceded the trial court erroneously deprived the defendant of the right to choose his own
counsel. Id. at 2561. Expressly noting the State's concession of error, and "[a]ccepting that
premise," the Supreme Court held that the district court violated the defendant's Sixth
Amendment right to counsel of choice, and found the error "not subject to harmless-error
analysis." Id. at 2566. 

 Here, the trial court did not deprive Marx of his right to choose his own counsel. The
issue is whether he was entitled to additional counsel despite the impending trial setting and
the unavailability of that additional counsel. The State does not concede error by the trial
court. The indictment date was August 16, 2001. Lawrence was the retained counsel from
the outset of the case. He stated he brought in attorney Wood "of counsel" to handle the jury
aspect of the trial, while Lawrence would assist in "all of the legal arguments during trial." 
The record in the underlying case reflects Lawrence's pretrial handling of the case through
multiple pretrial motions and briefs to the court. The record also reflects Marx filed four
motions for continuance. The trial court denied two of them; we find no rulings on the other
two. From September 13, 2001, through March 6, 2003, the trial court reset the case nine
times; most of the resettings appear to be related to court administration. Appellant filed the
fourth continuance motion in March 2003, and trial began at the end of March 2003.

 When a defendant is tried without the assistance of counsel after the denial of a
motion for continuance, courts have consistently found abuse of discretion. State v. Doyle,
140 S.W.3d 890, 894 (Tex. App.--Corpus Christi 2004, pet. ref'd). That circumstance is not
present here. Although the "of counsel" attorney in this case had a medical emergency
shortly before trial, the chosen lead counsel continued on the case. 

 The right to counsel of one's choice is neither unqualified nor absolute. See Gonzalez
v. State, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (citing Wheat v. United States, 486
U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)). In Gonzalez-Lopez, the Supreme
Court stated as follows:

 Nothing we have said today casts any doubt or places any qualification upon
our previous holdings that limit the right to counsel of choice. . . . We have
recognized a trial court's wide latitude in balancing the right to counsel of
choice against the needs of fairness, and against the demands of its calendar[.]
. . . This is not a case about a court's power to enforce rules or adhere to
practices that determine which attorneys may appear before it, or to make
scheduling and other decisions that effectively exclude a defendant's first
choice of counsel.


Gonzalez-Lopez, 126 S.Ct. at 2565-66 (internal citations omitted). Here, the trial judge had
before him a case with four motions for continuance, eight re-settings, and a retained counsel
who had been on the case from the outset and who had represented the defendant with
extensive motions and briefs to the court. As we noted in our prior opinion, the additional
counsel filed his appearance a month before the fourth motion for continuance was filed. We
do not question the unexpected nature of the illness. Nevertheless, the right to additional
counsel of one's choice must be balanced with the trial court's need for prompt, orderly,
effective, and efficient administration of justice. Gonzalez, 117 S.W.3d at 837; Rosales v.
State, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992); Ex parte Windham, 634 S.W.2d 718,
720 (Tex. Crim. App. 1982). In Gonzales-Lopez, after stating that "[n]othing we have said
today casts any doubt or places any qualification upon our previous holdings that limit the
right to counsel of choice . . . ," the Court cited among other limits a trial court's wide
latitude in balancing the right against the needs of fairness and the demands of the court's
calendar. See Gonzales-Lopez, 126 S.Ct. at 2565-66. Given the circumstances presented,
the trial court did not commit error in proceeding to trial without the additional counsel. (2)

 In issue four, Marx contends the trial court erred in denying his habeas corpus
application because the evidence was insufficient to prove his guilt. On direct appeal, we
previously found the evidence in this case sufficient to support the conviction. See Marx,
2004 WL 2955270, at *1-4. Generally, a challenge to the sufficiency of the evidence is not
cognizable on an application for a post-conviction writ of habeas corpus, unless the record
is devoid of evidentiary support for a conviction. Ex parte Perales, 215 S.W.3d 418, 420
(Tex. Crim. App. 2007). Here, the record contained ample evidentiary support for the
conviction, as outlined in our prior opinion. Marx offered no newly discovered or newly
available evidence, and there is no error rendering Marx's conviction constitutionally invalid. 
See Ex parte Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). 

 In issue five, Marx argues the trial court erred in refusing to allow his trial counsel to
cross-examine the complaining witness concerning the witness's alleged false statements.
Marx concedes he did not raise the issue on direct appeal. Article 11.072 provides that an
"application may not be filed under this article if the applicant could obtain the requested
relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate
Procedure." Tex. Code Crim. Proc. Ann. art. 11.072 § 3(a) (Vernon 2005). This is an issue
that could have been raised on direct appeal. Marx presents no exception that would entitle
him to raise it for the first time by habeas corpus. See Ex parte Townsend, 137 S.W.3d 79,
81 (Tex. Crim. App. 2004); Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996)
(op. on reh'g).

 We affirm the trial court's order denying habeas corpus relief. 

 AFFIRMED. 

 

 ____________________________

 DAVID GAULTNEY

 Justice

 

Submitted on May 24, 2007

Opinion Delivered July 11, 2007 

Do Not Publish 


Before Gaultney, Kreger, and Horton, JJ.
1. The trial court ruled on the merits of the habeas corpus application. We have
jurisdiction over the appeal. See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App.
1991). 
2. Marx argues the trial court's denial of his right of choice of counsel caused him to
involuntarily waive his right to trial by jury. Since we find no error, Marx's argument
regarding a causal connection between the alleged error, the waiver of jury trial, and the
resulting harm has no merit. In any event, in our prior opinion we concluded in response to
Marx's ineffective assistance of counsel claim that his waiver of jury trial was voluntary. See
Marx, 2004 WL 2955270, at *4.