E. A. CARTER v. THE STATE.

No. 18295.   Delivered May 13, 1936.
Rehearing Denied (Without Written Opinion) June 17, 1936.

The opinion states the case.

*N. A. Gentry, Sr.,* and *J. Y. Gray,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record shows that the appellant and deceased, L. W. Brady, were neighbors. The deceased was a tenant of H. B. Marsh and had been for a number of years. Appellant desired to lease a part of the land from Marsh which deceased had cultivated for the past two or three years. Mr. Marsh declined to let unto the appellant any of the land until he had an opportunity to speak to Mr. Brady about it. When deceased, Brady, was informed of the appellant's intentions, he spoke to appellant about it and said: "I will kill the God-damn man who tries to undermine me. I ought to get you right here." On the morning of the day of the homicide appellant, who kept his work teams and harness at a barn which was used by both A. F. Cox and himself, claimed that he had found a note on his harness which read, in substance, as follows: "Mr. Carter, that fellow you had trouble with over the land is going to get you unexpectedly. I am a negro friend." He showed this note to Mr. Cox and told him that he had found similar notes in his car on two previous occasions. Cox had preceded appellant to the barn on said morning, saw the harness, but did not see any note hanging on it. Sometime about noon Cox saw the deceased and advised him of what the appellant said about finding the notes. Soon after noon appellant and deceased met at or near a mail box where deceased requested an interview, but appellant declined to stop and asked the deceased to come to the home of Cox if he desired to see him. Deceased entered his truck and followed appellant to the home of Cox. Upon his arrival there he saw Cox and appellant in a conversation. He requested them to come out to the truck and talk in his presence, which they did.

When the deceased said, "Carter, I believe you wrote those notes," Carter replied, "You do," and reached in his hip pocket drawing a pistol and began to shoot at deceased, who then reached in his truck for a shot gun, but before he could get his gun in a position to shoot he fell to the ground mortally wounded and expired in a few seconds. Appellant testified in his own behalf that deceased had made threats against him; that at the time he shot the deceased, deceased was reaching for his gun; that he feared the deceased would kill him or inflict serious bodily injury upon him; and to prevent him from doing so, he shot in self-defense.

Appellant addressed a number of objections to the court's charge. The objections specified in paragraph one were met by the court's supplemental instructions. Hence the error, if any existed, was cured. Appellant's objections in paragraphs two and three are based on the ground that while the court charged the law applicable to the case as made by the testimony, he failed to charge in connection therewith the law of reasonable doubt. An inspection of the charge shows the objections to be without merit because the court did charge on the law of reasonable doubt in connection with the instruction on the law of the case.

Appellant next complains of the court's action in overruling his motion for a new trial based on newly discovered evidence. At the hearing of the motion for a new trial the court heard evidence with reference to the allegations therein contained and at the conclusion thereof overruled the same. The granting of a motion for a new trial rests within the sound discretion of the trial court and unless it appears from the record that the trial court abused his discretion, this court would not be authorized to disturb his findings. The testimony offered by the appellant in support of the allegations in the motion for a new trial is not before us. Hence there is not the slightest showing of an abuse of discretion on the part of the court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.