IVAN BROWER V. THE S*tate.*

No. 21290. Delivered January 8, 1941.

The opinion states the case.

*Marion Reynolds,* of Shamrock, and *B. Y. Cummings,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was indicted by a grand jury of Wheeler County for keeping and being interested in keeping a place to bet and wager and gamble with cards, dice, etc., and was by the jury found guilty and sentenced to serve two years in the penitentiary.

There is but one complaint of the trial brought forward in the brief and argument filed herein, and that relates to the trial court's action in overruling the appellant's second motion for a continuance. It is noted that the record presented to us fails to show any action of the trial court on said motion; nor do we find any exception to the court's ruling thereon. Under the decisions it is necessary that an exception be taken to the court's action in overruling such motion for a continuance, if the court did thus overrule the same. This matter can not be considered. Mr. Branch says in his Annotated Penal Code, p. 183, Sec. 304: "In the absence of a proper bill of exceptions, the supposed error in overruling an application for a continuance will not be revised on appeal, and a recital in the judgment that defendant excepted or a complaint in the motion for a new trial is not a bill of exceptions," citing a long list of cases. Again, it is held in Sowells v. State, 99 Texas Crim. Rep. 465, 270 S. W. 558, that: "Generally speaking, the failure to grant a motion to postpone or continue can not be reviewed in the absence of a bill of exceptions showing that the motion was made, the action of the court, and the reasons assigned. This has been held in many cases. See Nelson v. State, 1 Texas Crim. App. 44," etc.

We have examined all bills of exceptions,—Nos. 1, 2 and 3,—and find no error reflected therein. Bills of exceptions Nos. 4 and 5 are in question and answer form with no certificate of the trial judge relative to the necessity therefor, and bill No. 6 is concerned with the court's overruling his motion for a new trial, and we think same does not reflect any error.

The testimony shows that appellant was contemplating opening a gambling game during a certain celebration at the city of Shamrock, in Wheeler County, and endeavored to get some parties to interest themselves in the operation of such game at the Legion Hut; failing in this, it seems from the evidence that he established these statutorily prohibited games at his own residence, and was actually apprehended by the peace officers at the instant that a poker game was in progress on what seems to have been a table provided for such purpose. The officers also seized a box for chips, a rake, dice cups, twelve pairs of dice, a rack on dice table, money, a hinged box with money in it,

green cover on dice table, about six decks of cards, money box with a lock on same, and in this box were six $5 bills, one $20 bill, two $10 bills, six $1 bills, two fifty cent pieces,—$77.00 in all; another dice table with a money box thereon, and a poker table. The officers also found and seized around a thousand poker chips; some of this paraphernalia in the east room of the house and some in the west room.

We think that the testimony points very strongly to the fact that appellant was keeping and interested in keeping this place for the purpose of same being used as a place to gamble, bet and wager at both dice and cards, and we would not be justified in disturbing the jury's verdict.

Perceiving no error in the record, the judgment is affirmed.