### W. W. WALKER v. THE STATE.
*No. 57. Decided May 20.*

**1. Continuance.**—On a trial for theft of a steer, where the defense was that the taking by defendant was under a claim of right, and the sole inculpatory fact was the brand upon the animal, and the defendant made application for continuance for the testimony of several witnesses, to prove that he owned and controlled animals in the brand found on the stolen animal prior to and at the time it was alleged to have been stolen; and by one of said witnesses, that before defendant took the animal he, witness, believing the animal to be defendant's, and knowing defendant's brand, had notified defendant to come and get the animal, and at defendant's instance he made inquiry about said steer before defendant came and got him: *Held*, that the testimony was material, and the continuance should have been granted.

**2. Limitation of Argument of Counsel to Jury.**—On trial for theft of a steer, where more than twelve witnesses had testified in the case, and the issues were strongly contested, and the evidence mainly circumstantial in character: *Held*, that it was reversible error for the court to limit the argument of the case to forty-five minutes.

**3. Same.**—While the trial court has the right to limit argument, he can not arbitrarily do so because, in his opinion, the evidence may be so clear that argument can not vary it.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. BLACKBURN.

Under an indictment charging him with the theft of one head of neat cattle, appellant was found guilty, and his punishment assessed at two years in the penitentiary.

In view of the disposition made of this case on appeal, it becomes unnecessary to make a general statement of the evidence produced on the trial; and the facts illustrative of the points decided are sufficiently stated in the opinion of the court.

*W. W. Hair*, for appellant.—The court erred in limiting defendant's counsel to forty-five minutes in which to address the jury on the facts.

It goes without saying, that a judge can not refuse a prisoner on trial the right of being heard by himself or counsel in his defense. This right is given by the Constitution of our country. in express language, and nowhere is it abridged by statute or decision. Being a rule of criminal procedure, it must be construed liberally in favor of the prisoner. Now it being admitted that a defendant can be heard in the courts of his country in his defense, what does a hearing mean? Does it mean a full or a limited hearing; does it mean a partial or a complete hearing? Does it mean that the defense may be presented according to the idea of the trial judge, or the defendant's attorney?

In Tooke v. The State, 23 Texas Criminal Appeals, 10, is quoted with approval The People v. Keenan, 13 California, 581, which held: "It is unquestionably a constitutional privilege of the accused to be fully heard by counsel, and opportunity must be afforded him for full and complete defense."

A prisoner has the sacred Anglo-Saxon right when on trial to be fully and completely heard before he is condemned. Now comes the question, What is a full and complete hearing before a jury in a criminal prosecution? Three things determine a hearing—something to say, the manner in which it is said, and time in which to say it. Can the judge govern what may be spoken in a prisoner's defense? No, he can not, save counsel must keep in the record. The attorney's language may be chaste and elegant; it may violate all known laws of grammar and rhetoric; it may be weighty with reason and powerful in argument, or it may be star-visiting; yet the judge must sit like a stone wall and say not a word of approval or disapproval. Here the attorney is supreme. This is one element of a hearing; another is the manner in which a thing is said. One of the most powerful agencies in moving men is the action of a speaker— the tone of voice, the modulations, the gestures, the facial expressions, all have weight in convincing men. The same speech delivered to the same jury by different men will many times produce different results. Has the judge any power here? He has not. The prisoner or his attorney is supreme. The judge can not say, You are talking too loud or too low, too fast or too slow; your voice was pathetic on the wrong sentence.

Another element of a hearing is time. Words can not be spoken without time in which to speak them. A speech can not be delivered without time in which to deliver it. If the two positions taken above are correct, that the judge can not determine that which may be said nor the manner of saying it, does it not follow without further argument that he must give time in which to say it? If time is limited, does not this abridge the right of being heard? Is the hearing full and complete when it is limited and abridged? If the limitation forces counsel to leave off part of his speech, the hearing is not complete and full. The judge, by this limitation, determines in part what may be spoken in defense; or if

this limitation forces counsel to crowd his words and sentences together in an effort to finish his argument within the time allowed, the judge then in part determines the manner of that which is spoken. Can a judge limit a felony case to ten minutes? Can he limit to five? Can he limit to one? The most urgent advocate of limitation would reply in the negative, and say that the limitation must be reasonable. This but admits that the right to limit or not limit, or whether that limitation be short or long, is in the discretion of the trial judge.   Before going further, we wish to observe that our courts are courts of law, not of discretion, for discretion is tyranny. Whose ideas should govern in presenting a case, the prisoner's or the judge's?   The Constitution does not say that a prisoner may be heard in the discretion of the judge.   An attorney may have stated his case well, and have planned an argument of one hour, but when the time comes the judge says, No, I think one-half hour sufficient. Is this a full hearing or a partial hearing?   Is not the hearing abridged?   If, then, the accused has a constitutional right to a full hearing, and limitation abridges that right, is it not the duty of this court to reverse, without inquiry as to whether or not the defendant was injured, for how can this court know whether or not he was injured?   The court below refused to let him say all that he wanted to say in his defense. You do not know what he would have said, and you can not tell what effect it would have had on the jury.   In the case at bar the court stopped defendant's counsel while he was speaking.   There remains but one argument, and it is scarcely worth noticing.   The court may be pressed with business, and not have time to try all cases, and they must be disposed of as fast as possible.  There is a method by which the number of District Courts may be increased when business demands it, and this completely answers the argument.  Const., art. 5, sec. 7.

Time may be precious to the court, but it is infinitely more so to him whose life or liberty may depend upon the careful and patient consideration of the evidence, when the counsel for the defense is endeavoring to sift the truth from the falsehood, and to subject the whole to logical analysis, so as to show, that however suspicious the facts may be, they are nevertheless consistent with his innocence.   Cool. Const. Lim., 386.

Even in a civil case, it has been held sufficient cause for reversal that the court limited the plaintiff and defendant each to ten minutes, the court saying counsel should be limited only when demanded by consideration of the greatest public good.   38 Texas, 577.

Or if we admit that the District Court has power to limit the argument, certainly that power must be used sparingly and with a sound discretion. In the case at bar, we submit to the court that the limitation to forty-five minutes was arbitrary, and appellant was injured thereby.   The evidence was entirely circumstantial, and the fact that appellant was convicted on

the state of facts contained in the record proves conclusively that he was injured by the limitation.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of a steer, and his punishment assessed at two years in the penitentiary, from which he appeals. It is only necessary to consider two questions:

1. Appellant asked for a continuance—apparently the first application —to procure the testimony of Bishop, Slawson, and Young, whose testimony seems to be very material. The defense in this case was a taking under claim of right. The sole inculpatory fact was the brands on the steer alleged to have been stolen. It was shown by Aikin, the purchaser, that he had shipped the animal to St. Louis, and that it was branded on the right side AL, connected, and on the left side with a brand called the "TY" or "Crowfoot Bar" brand. The State proved by witnesses, who did not see the animal sold to Aikin, that this animal was branded AL, connected, while a sucking calf, in the spring of 1886, and, with others in the same brand, was sold to Johnson in 1888, and all rebranded with the crowfoot bar. Some got away, but were all found, except this one, which was never found, unless it was seen by State's witness near Belton in 1889. The animal was sold in the summer of 1890 to Aikin by appellant. In defense, appellant proved, that he, with another, saw and claimed the steer in the summer of 1890; that he hired one Caldwell to assist him, being notified by one Young, who lived three miles west of Belton, that the steer was worrying him, and went and roped it; that they drove it along the public road to the city of Belton, and there, finding it heated, they tied it to a tree in the street near the public square from 10 o'clock in the morning to 4 in the afternoon, and then drove it through the streets of the city, and along the public road, to his pasture. Appellant further proved by the State's witness Armstrong, who was called to impeach appellant, that in 1885 and 1886 he (appellant) was an extensive cattle dealer, and purchased a number of cattle around Holland; that one Linderman, in that neighborhood, gave the AL, connected, brand. Appellant further stated on the stand that he purchased these cattle for one Higgins, and at his request put, as a road brand, on them, the crowfoot brand; that when he went to deliver them, Higgins received enough to repay him for money he had advanced to appellant, but would not pay any more, and appellant had 70 head thrown on his hands; that he drove them to his home, and, to distinguish them from those sold Higgins, placed the bar on them; that the said R. A. Bishop, acting as agent for Higgins in the sale, and Jack Lawson, knew that he handled and owned some of the crowfoot bar brand cattle. We think the continuance ought to have been granted.

2. But if there was no error in overruling the motion for a continuance, the limitation upon the argument· in this case must reverse it. The bill of exceptions shows that the court limited the time of argument to forty-five minutes. This was a contested case. Twelve witnesses testified in the case, and the defendant also testified at length. It was a case, largely, of circumstantial evidence. The issues were the identity of the animal, and the question of good faith. So strongly contested were these issues as to suggest the necessity of a civil tribunal to settle at least the question of property. Yet the court limited the argument, and called time on counsel for the defense at its expiration. Under the constitutional guarantees in this State, it is the undoubted right of every person tried upon a criminal charge to be heard by court and jury, upon the whole case, through the lips of counsel. Sec. 10, Bill of Rights; Code Crim. Proc.,art. 4. This may be said to be the most valuable right of a defendant. Nor is the presence and argument of his counsel beneficial to the defendant only, but also to the court, in the furtherance of justice and the vindication of law. There is no judge, however able and learned, and no jury, however intelligent, but may be benefited, and receive valuable assistance in reaching a correct conclusion, from the argument of counsel.

Especially is this true in cases like the one at bar, where there are contested issues, and when contradictory and voluminous evidence requires patient and careful consideration on the part of the jury, and challenges the skill and ability of counsel to sift the false from the true, and show suspicious facts to be consistent with innocence. The accused has an undoubted right to any advantage from this source. Yet this right may be utterly destroyed if the court can arbitrarily limit argument, because in his opinion the evidence is so clear that argument can not vary it. Tooke's case, 23 Texas Cr. App., 12. Indeed, the very limitation fixed by the court may be a strong intimation to the jury of the court's opinion of the evidence, and it may not require much shrewdness on their part to perceive it is against the defendant. Thus may be indirectly violated one of the express provisions of the code. Code Crim. Proc., art. 677. The District Court has the right to limit argument. This necessarily results from a due regard to the dispatch of business and the rights of others demanding a hearing. But while time is precious to the court, it is infinitely more so to him for whom counsel is pleading, and whose life, liberty, and happiness is resting in the balances of Justice. We are satisfied the able judge presiding in this cause intended no deprivation of a single right of appellant, yet we believe the time allowed defendant's counsel in this case was not sufficient in which to present his defense, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, P. J., concurs. Davidson, J., absent.