FRANK ANDERSON v. THE STATE.

No. 7703.   Decided November 7, 1923.

**1.—Assault to Rape—Insufficiency of the Evidence.**

Where, upon trial of assault to rape upon a female under the age of consent, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

**2.—Same—Continuance—Motion for a New Trial.**

Where the court had overruled a motion for continuance, and in support of his motion for a new trial, appellant appended the affidavit of the absent witness almost in exact accord with the testimony set out in the application, and the witness could not have probably been reached by a subpoena if it had been issued sooner, and the alleged absent testimony was material, a new trial should have been granted. Following Eppison v. State, 82 Texas Crim. Rep., 364, and this even though the continuance be properly denied for lack of diligence.

Appeal from the District Court of Palo Pinto.   Tried below before the Honorable J. B. Keith.

Appeal from a conviction of assault to rape; penalty three years imprisonment in the penitentiary.

The opinion states the case.

*Moyers & Creighton,* and *Hood & Shadle,* for appellant.   On question of insufficiency of the evidence, Cromeans v. State, 129 S. W. Rep., 1129; Blair v. State, 132 id., 258; Hightower v. State, 143 id., 1168; Thompson v. State, 200 id., 168; Armstead v. State, 232 id., 519; Stoker v. State, 245 id., 444.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.   On question of continuance, Grayson v. State, 91 Texas Crim. Rep., 137; Talmadge v. State, 91 id., 117; Fridge v. State, 90 id., 75.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Palo Pinto County of assault to rape, and his punishment fixed at three years in the penitentiary.

The alleged assault occurred at the home of the mother of prosecutrix.   Two persons beside appellant and prosecutrix were present at the time of said alleged assault, both of whom testified, one for the defense that no assault of any kind was made by appellant, and the other for the State, that if any assault was made he did not see it or hear of same at the time.   Appellant also testified that he did not touch prosecutrix on said occasion.   The alleged injured

95 T. C.—39

female, a girl thirteen years of age, testified that appellant wanted her to go into the kitchen with him and that she refused. That she then went into the front room and was going to light a lamp and that appellant "grabbed me around the arm at the door." That he had a roll of money and offered it to her if she would go with him, but she picked up a bottle and told him she would hit him if he did not turn her loose. He offered her some money if she would do something and she said, "can't you give me the money without taking me in there," and he said no, he wanted her to go in there with him and she told him she would not do it. He offered her twenty dollars if she would agree to the act. She got loose from him and went out into the yard and then to a near by house and telephoned for officers. When the officers came appellant was not there.

It seems to be admitted that the other man at the house at the time, was drunk, and that in a short time after the alleged assault the mother of prosecutrix came home. Virgie Wells, the other girl present, testified that the drunken man tried to assault prosecutrix just before she telephoned for the officers but that appellant did nothing to said prosecutrix.

Application for continuance was made because of the absence of Mrs. Welch, mother of prosecutrix. It was therein stated that if present she would swear that she came home about twenty or thirty minutes after the alleged assault and at once closely questioned her daughter as to the acts and conduct of appellant toward her, and that prosecutrix told her that he did not place his hands on her or touch her in any way. Also that prosecutrix told her that she phoned for the officers because of the condition and conduct of McCracken, the other man. In reference to this application the State asserts a lack of diligence on the part of appellant. The subpoenas for the absent witness were issued on October 21st to Palo Pinto and to Lamar counties, the trial being had on October 24, 1922. An inspection of the record discloses that the indictment herein was returned October 11th, but no showing is made as to when appellant was arrested. If he was arrested at once after the return of the indictment, the showing as to diligence would hardly be sufficient; if arrested at or about the date of the issuance of the subpoenas, diligence would appear. Every presumption is in favor of the correctness of the ruling of the lower court and we conclude that the learned trial judge was doubtless justified in overruling this application. However, another question arises. In support of his motion for new trial appellant appended the affidavit of the absent witness almost in exact accord with the testimony set out in the application as expected of her. She also shows that she left Palo Pinto County soon after this occurrence and probably could not have been reached by subpoena if issued sooner. Here then arises a question as to the duty

of the trial court in passing on the motion for new trial. As said by us in Eppison v. State, 82 Texas Crim. Rep., 364:

"Though there was lack of diligence shown in application for a continuance which justified the trial court in overruling it, it, with the affidavit supporting it, were proper factors to be considered on the motion for a new trial. Tull v. State, 55 S. W. Rep., 61; Stewart v. State, 52 Texas Crim. Rep., 100; Cockerel v. State, 60 Texas Crim. Rep., 124; Collins v. State, 148 S. W. Rep., 1065; Rushing v. State, 62 Texas Crim. Rep., 309. And by this court in reviewing the action of the trial court in overruling such motion. Rumbo v. State, 28 Texas Crim. App., 30; Clark v. State, 30 Texas Crim. App. 377; Walker v. State, 32 Texas Crim. Rep., 175; Logan v. State, 39 Texas Crim. Rep., 573; Hardin v. State, 40 Texas Crim. Rep., 208; Lopez v. State, 52 Texas Crim. Rep., 226; Pressley v. State, 60 Texas Crim. Rep., 102; Branch's Ann. P. C., sec. 338."

In Mr. Branch's Ann. P. C., Sec. 319, many authorities are cited as supporting the proposition that even though the continuance be properly denied for lack of diligence, yet if the testimony when viewed in the light of the evidence adduced at the trial, appear material and probable true, a new trial should be granted. As we view it the testimony of Mrs. Welch would not be merely impeaching; it was to the statement of the alleged injured girl to her mother so shortly after the occurrence as to appear spontaneous and to preclude design, and as we understand the opinions of this court this has uniformly been held *res gestae* and the rule laid down would seem applicable to the instant case. That such testimony would be material seems beyond cavil, and in our opinion the motion for new trial should have been granted.

For the error of the trial court in refusing said motion, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*