Tuan Anh DANG, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00560–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 8, 2006.

Mike Degeurin, Houston, for appellant.

Donald W. Rogers, Jr., Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## MAJORITY OPINION ON REMAND FOLLOWING REHEARING

KEM THOMPSON FROST, Justice.

We grant the State's motion for rehearing to the extent it asserts that this court should use a nonconstitutional harm analysis on remand in this case. We withdraw the majority opinion issued in this case on January 24, 2006, and we issue this new majority opinion in its place.

### BACKGROUND

Appellant, a juvenile, was certified to stand trial as an adult. He was subsequently indicted and convicted of capital murder and sentenced to confinement in the state penitentiary for life. On original submission, this court affirmed appellant's conviction. *Dang v. State*, 99 S.W.3d 172 (Tex.App.-Houston [14th Dist.] 2002), *rev'd*, 154 S.W.3d 616 (Tex.Crim.App.2005). Appellant sought and obtained discretionary review before the Texas Court of Criminal Appeals, which held the trial court abused its discretion by limiting defense counsel's closing argument to twenty minutes and by denying defense counsel's request for an additional three minutes. *Dang v. State*, 154 S.W.3d 616, 617 (Tex. Crim.App.2005). The Court of Criminal Appeals remanded the case to this court to conduct a harm analysis. *Id.* at 622.

## HARM ANALYSIS

On remand, appellant asserts that this error is constitutional and that this court must apply a constitutional harm analysis. *See* TEX.R.APP. P. 44.2(a). A constitutional error within the meaning of Texas Rule of Appellate Procedure 44.2(a) is an error that directly offends the United States Constitution or the Texas Constitution, without regard to any statute or rule that also might apply. *See Fox v. State,* 115 S.W.3d 550, 563 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). On original submission in this court, appellant did not assert that the trial court's restriction on the duration of closing argument violated his constitutional rights; rather, he asserted that the trial court abused its broad discretion in determining the time allowed for closing arguments.[1] Appellant asserted the same error in the Court of Criminal Appeals. *See Dang,* 154 S.W.3d at 622–23 (Meyers, J., concurring) (stating that only ground asserted by appellant in Court of Criminal Appeals was whether trial court abused its discretion in limiting the time for closing argument). In analyzing appellant's ground of error, the Court of Criminal Appeals, citing rules and statutes, ultimately concluded that appellant had an implied statutory right to a reasonable time for closing argument. *See Dang,* 154 S.W.3d at 619–20.

The Court of Criminal Appeals determined that the trial court did not provide appellant a reasonable time for closing argument and so abused its broad discretion; however, the Court of Criminal Appeals did not determine that the trial court's improper limitation on appellant's

time for argument directly offended any part of either the United States Constitution or the Texas Constitution. *See Dang,* 154 S.W.3d at 619–22 & 622–24 (Meyers, J., concurring) (stating that, although the majority correctly concluded that trial court abused its discretion in limiting the time for closing argument, the concurring justices believed that the trial court's actions also violated appellant's rights under the Sixth Amendment of the United States Constitution). Our esteemed colleague, Justice Hudson, the author of the dissenting opinion on original submission and the author of today's concurring opinion, and three concurring justices on the Court of Criminal Appeals have stated that the trial court violated appellant's rights under the Sixth Amendment of the United States Constitution. *See Dang,* 154 S.W.3d at 619–22 & 622–24 (Meyers, J., concurring); *Dang,* 99 S.W.3d at 192–99 (Hudson, J., dissenting), *rev'd* 154 S.W.3d 616 (Tex. Crim.App.2005). But appellant did not assert, and the Court of Criminal Appeals did not find, such a violation. *See Dang,* 154 S.W.3d at 619–22 & 622–24 (Meyers, J., concurring).

On remand, appellant asserts that our high court's reliance on its *Walker v. State* precedent shows that this error is constitutional because the *Walker* court characterized unreasonable limitations on closing argument as a constitutional violation. *See Dang,* 154 S.W.3d at 620; *Walker v. State,* 32 Tex.Crim. 175, 22 S.W. 685, 686 (1893). Although the *Walker* case cited article I, section 10 of the Texas Constitution, it also cited article 4 of the Texas Code of Criminal Procedure. *See* TEX. CONST. art. I, § 10 (stating that in all criminal prosecutions,

---

1. On original submission in this court, the majority opinion indicated in passing that, at some point, restrictions on closing argument could violate the Sixth Amendment and that such violations should be avoided. *See Dang v. State,* 99 S.W.3d 172, 189 (Tex.App.-Houston [14th Dist.] 2002), *rev'd,* 154 S.W.3d 616

(Tex.Crim.App.2005). However, because appellant did not assert a violation of the Sixth Amendment in this case, this court did not consider whether the trial court violated appellant's rights under the Sixth Amendment. *See id.* at 188–91.

the accused shall have the right of being heard by counsel); TEX.CODE CRIM. PROC. art. 1.05 (stating, in current codification of former article 4 cited in *Walker*, that in all criminal prosecutions, the accused shall have the right of being heard by counsel). In *Dang*, the Court of Criminal Appeals described *Walker* as finding a statutory rather than a constitutional violation and did not mention that the *Walker* court had cited the constitutional right to representation by counsel. *See Dang*, 154 S.W.3d at 620; *Walker*, 22 S.W. at 686. The high court's discussion of *Walker* in *Dang* is consistent with the rest of the *Dang* opinion, which shows that the Court of Criminal Appeals did not find any constitutional violation. *See id.* Although an appellate court may conclude that a trial court's unreasonable and arbitrary limitation on a defendant's closing argument violates the United States Constitution or the Texas Constitution, the Court of Criminal Appeals did not do so in this case. *See id.* Because the Court of Criminal Appeals did not reverse based on a constitutional error within the meaning of Texas Rule of Appellate Procedure 44.2(a), we apply a nonconstitutional harm analysis.[2] *See Fox*, 115 S.W.3d at 563.

**Based upon the legal standard for the error found by the Court of Criminal Appeals, can this court on remand conclude that the error is harmless?**

■ The Court of Criminal Appeals concluded that, in determining whether a trial court has abused its discretion in limiting closing argument, the reviewing court should consider a host of nonexclusive factors on a case-by-case basis. These factors are nearly identical to the factors this court considered on original submission: (1) the quantity of the evidence, (2) the duration of the trial, (3) conflicts in the testimony, (4) the seriousness of the offense, (5) the complexity of the case, (6) whether counsel used the time allotted efficiently, and (7) whether counsel set out what issues were not discussed because of the time limitation. *See Dang*, 154 S.W.3d at 621. After deciding that all of these factors weighed in appellant's favor, the Court of Criminal Appeals concluded the trial court had abused its discretion. *See id.* at 621–22.

■ The factors in the legal standard for determining error substantially overlap with the factors that this court is to consider in determining whether the trial court's limitation on appellant's closing argument had a substantial and injurious effect or influence in determining the jury's verdict. *See Dang*, 154 S.W.3d at 621 (listing factors and noting that some of the factors may be more appropriate for determining preservation of error or whether appellant was harmed by the error, though the opinion is silent as to which factors fall into which categories); *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (stating that an error affects a substantial right

---

**2.** Our research has revealed no Texas case that addresses the issue of what type of harm analysis to perform when the trial court abuses its broad discretion to determine the length of closing argument. There have been very few cases holding that trial courts have so erred, and these cases do not address the harm analysis that should be applied. There is a dictum from one Court of Criminal Appeals case that indicates that a normal harm analysis, rather than a constitutional harm analysis, should be applied to such error. *See Huntly v. State*, 34 S.W. 923, 923 (Tex.Crim. App.1896) (stating that "[t]he right to limit argument of counsel is within the sound discretion of the court; and this court will not reverse because of such limitation unless the bill shows that there was an abuse of this discretion, and that the appellant was probably prejudiced by such limitation in the argument").

when that error had a substantial and injurious effect or influence in determining the jury's verdict). In analyzing these factors for purposes of error, the Court of Criminal Appeals reached a different conclusion than the majority of this court on original submission. This court is bound by our high court's determination that the trial court's action in this case constituted an abuse of the trial court's broad discretion. Inasmuch as that determination is based upon a standard that incorporates considerations relevant to harm, this court can only conclude that the trial court's twenty-minute limitation on closing argument had a substantial and injurious effect or influence in determining the jury's verdict.

■ Because the legal test for error in limiting closing argument still subsumes consideration of harm, and because the Court of Criminal Appeals rejected our prior evaluation of the relevant factors in the error analysis and has not prescribed a separate analytical framework for assessing harm, it would be difficult, if not impossible, to conclude that the trial court's error is not harmful. This is especially true given that in assessing this type of error, the reviewing court views the record

in the light most favorable to the trial court, a standard that does not apply in assessing harm. *See Granados v. State,* 85 S.W.3d 217, 236 (Tex.Crim.App.2002) (stating reviewing court views record in light most favorable to trial court in determining whether it abused its discretion); *Ovalle v. State,* 13 S.W.3d 774, 787 (Tex. Crim.App.2000) (stating appellant does not have burden of proof to show that error is harmful). If the Court of Criminal Appeals considered the foregoing factors in the light most favorable to the trial court and found error, then surely, in evaluating similar factors without the benefit of this advantageous lens, we could not logically reach a different result. The court's rejection of our prior error analysis[3], in effect, forecloses any possibility of finding the error harmless. Therefore, we conclude that the trial court's error in limiting appellant's closing argument to twenty minutes affected a substantial right of appellant.

The Court of Criminal Appeals also held that this court erred in holding that the trial court did not abuse its discretion by denying defense counsel's request for an additional three minutes for closing argument. Though it is exceedingly difficult to

---

3. In viewing the record in the light most favorable to the trial court, a majority of this court on original submission evaluated the reasonableness of the time limitation based on the following facts and circumstances:

(1) There were several different theories under which appellant could be found guilty.

(2) The only issues were whether appellant's statements were voluntary and whether appellant was guilty of capital murder, felony murder, murder, or not guilty of any offense at all.

(3) The primary issue was whether appellant was guilty of capital murder or a lesser-included offense.

(4) Though eleven witnesses testified in the span of a day, only one witness testified for the defense.

(5) There was limited trial testimony and the state presented all of it, except for appellant's father, who was not present during the commission of the offense.

(6) The evidence was not voluminous or contradictory; there were few conflicts in testimony.

(7) The entire trial, including voir dire, lasted less than two days.

(8) Trial counsel asked the court for only three additional minutes to complete his argument.

Citing analogous cases in which no abuse of discretion was found, this court held the trial court did not act arbitrarily, unreasonably, or without regard to guiding legal principles. *See Dang,* 99 S.W.3d at 188–91.

imagine that an additional three minutes during closing argument would have had more than a slight effect on the jury's verdict, because we conclude that the trial court reversibly erred in imposing the twenty-minute limitation, there is no need to reach this issue.

### CONCLUSION

The Texas Court of Criminal Appeals determined that appellant satisfied the legal standard for establishing error and remanded the case to this court for a harm analysis. The legal standard for determining whether the trial court abused its discretion in limiting appellant's closing argument overlaps with the inquiry as to whether any such error is harmful. Because the high court's rejection of our previous analysis tacitly mandates the conclusion that the error it found is harmful, we reverse the trial court's judgment and remand to the trial court for a new trial.

HUDSON, J., concurring.

HUDSON, J., concurring on remand following rehearing.

The Texas Court of Criminal Appeals, in a plurality opinion, held this court erred in concluding that the trial court did not abuse its discretion's in limiting the length of closing argument. *Dang v. State,* 154 S.W.3d 616, 622 (Tex.Crim.App.2005). Accordingly, the Court of Criminal Appeals remanded the cause to this court to conduct a harm analysis. On remand, we held the error presented here is constitutional error. Because we could not conclude beyond a reasonable doubt that the error did not contribute to appellant's conviction, we reversed the trial court's judgment. TEX. R.APP. P. 44.2(a). However, the State of Texas contends on rehearing that appellant has forfeited any claim of constitutional error by failing to previously characterize it as error of constitutional magnitude.

The State's assertion is wholly contrary to the record. When the trial court first imposed its twenty-minute limit on closing argument, appellant's counsel immediately objected on the express ground that the limitation would deprive appellant of effective assistance of counsel—a right guaranteed by the Sixth Amendment:

THE COURT: Both sides will have 20 minutes with which to conduct final argument.

MR. DEGEURIN [appellant's counsel]: Excuse me, your Honor, what did you say?

THE COURT: 20 minutes.

MR. DEGEURIN: Judge, there are nine different ways that the State has alleged that he committed the crime. That's not sufficient time properly in a capital case to argue the case. I ask respectfully that we have additional time. I cannot even talk about the law in that time, much less the facts.

THE COURT: Your request is denied. I would remind the lawyers that what you say is not evidence. They've already heard the evidence. Final argument is just summation, and 20 minutes is plenty of time for a day and a half of testimony.

Bring in the jury, please.

MR. DEGEURIN: *The defendant is entitled to effective assistance of counsel.* That includes a summation to the jury that ties together what was introduced over the course of the trial. It's contemplated as being an important part of the trial. Unlike what you've just said, it's not just words from the lawyer. It is part and parcel of our due process rights. *So to limit it to where we are unable to even accomplish what we are required by law to do, to render effective assistance of counsel is too restrictive.*

In the most—least exaggerated words, it is unfair, Judge.

THE COURT: 20 minutes.

(Emphasis added).

In his motion for new trial, appellant asserted the trial court's "unreasonable restriction of the Defendant's right to present a defense denied [appellant] *his constitutional rights to a fair trial and deprived him of effective assistance of counsel.*" (Emphasis added). To support his motion for rehearing, appellant offered the opinion of an expert witness, Richard Haynes, who testified that under the facts presented here, he did not believe "that *a competent lawyer could adequately discharge his responsibility to his client under the 6th Amendment in a 20–minute summation to the jury.*" (Emphasis added).

In his initial brief before this court, appellant repeatedly cited the above testimony of Mr. Haynes and his opinion that the trial court's conduct offended the Sixth Amendment.

In his brief before the Court of Criminal Appeals, appellant summarized his argument, as follows: "The trial court abused its discretion in restricting the defense counsel's closing argument to twenty (20) minutes, which violated the Appellant's *right to assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution.*" (Emphasis added).

Finally, in his brief on remand before this court, appellant again argued, "the unfair curtailment of argument which occurred in the instant case *deprived the Appellant of the full representation of his counsel and thus infringed upon his rights under the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution.*" (Emphasis added).

It is disingenuous, at best, to suggest that appellant has not previously objected, appealed, and sought review on the basis of a denial of his constitutional right to effective assistance of counsel. In fact, in its own brief on remand, the State asked this court to use the standard of review for constitutional error found in Rule 44.2(a) of the Texas Rules of Appellate Procedure.[1] Thus, the only argument being asserted for the first time on rehearing following our opinion on remand is the State's contention that appellant waived his right to characterize the error as "constitutional error."

Moreover, it should make not one whit of difference to our analysis whether appellant's counsel did or did not expressly link the denial of effective assistance of counsel to the Sixth Amendment. It may be surprising to some to learn that the court of appeals is not a blind, bilious blob; we have the capacity, like any first year law student, to determine the more fundamental principles of law, at least, and ascertain from whence the right to counsel is derived. Further, the standard by which we review error is not determined by the parties and is not subject to waiver or forfeiture; rather, it is a question of law to be decided by this court. Accordingly, I find the State's "forfeiture" argument to be totally specious.

In a more reasoned argument, the State also contends that while the complete deni-

---

1. The rule provides:

    44.2. Reversible Error in Criminal Cases

    (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

    TEX.R.APP. P. 44.2(a).

al of argument infringes upon the Sixth Amendment, the mere temporal restriction of argument does not inevitably and necessarily rise to the level of constitutional error. The State's assertion is partially correct. The Sixth Amendment does not guarantee a right to interminable jury argument. Thus, it is well-established that a trial court is vested with broad discretion in regulating the duration of closing argument. *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex.Crim.App.1974). Accordingly, *reasonable* restrictions on the length of argument do not violate the Sixth Amendment right to effective assistance of counsel and, thus, are not error of any kind.

However, when a trial court imposes limits on argument that infringe upon the defendant's Sixth Amendment right to effective assistance of counsel, the restriction constitutes an abuse of discretion. Whether a temporal restriction on jury argument is reasonable, i.e., whether it does or does not infringe upon the right to effective assistance of counsel and, thus, is or is not an abuse or discretion, is a fact-specific question that must be determined on a case-by-case basis.

Where there are no conflicting constitutional or statutory guarantees, a trial court's discretion is absolute. Thus, a court's discretion is limited only where it potentially conflicts with a constitutional right, a statutory right, or a procedural rule. Here, the Court of Criminal Appeals held the trial court abused its discretion in restricting the length of argument. Because the only basis for finding an abuse of discretion under these facts is an infringement of appellant's constitutional right to

effective assistance of counsel, I believe logic compels the conclusion that the Court of Criminal Appeals has already found, even if not expressly stated, that the error presented here is "constitutional error."

Moreover, the right to present argument in the trial court is guaranteed by the Sixth Amendment. *Herring v. New York*, 422 U.S. 853, 865, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). It is further protected by Article I, Section 10 of the Texas Constitution. *Ruedas v. State*, 586 S.W.2d 520, 522 (Tex.Crim.App.1979). While the error presented here is not "structural" in nature,[2] it does constitute "constitutional" error.[3] *See* TEX.R.APP. P. 44.2(a). When presented with constitutional error, we are obliged to reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP. P. 44.2(a).

When counsel has been improperly restricted in presenting a final argument, the difficulty in conducting a harm analysis is that we must speculate on whether counsel could have delivered an argument that might have affected the outcome of the trial. Here, the State presented a great deal of evidence to establish appellant's guilt, at least as a party, in the murder of the deceased. For example, it is undisputed that appellant possessed a firearm. Moreover, a bullet fired from appellant's weapon was recovered from the victim's body.

However, it is also undisputed that appellant was not the only person who was armed with a weapon. In fact, all but one of the bullets that struck the deceased

---

**2.** *See Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Arizona v. Fulminante*, 499 U.S. 279, 309–310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

**3.** "Constitutional error" within the meaning of Texas Rule of Appellate Procedure 44.2(a)

is an error that directly offends the United States Constitution or the Texas Constitution. *Fox v. State*, 115 S.W.3d 550, 563 (Tex.App.Houston [14th Dist.] 2002, pet. ref'd).

were allegedly fired from the accomplice's weapon. Moreover, it is undisputed that *after* the victim was killed, appellant and his accomplice both fired into the exterior door of the premises to make it appear that entry was forced. Whether defense counsel could have made a convincing argument that a bullet fired by appellant through the door of the premises struck the victim's corpse laying near the door is unknown because he was prevented from developing such an argument. Whether counsel could have made a persuasive argument that appellant was not a party to the murder is doubtful. But while it is unlikely the error contributed to the conviction, I cannot say, beyond a reasonable doubt, that it did not. Thus, under the standard set forth in Rule 44.2(a), I cannot conclude the error was harmless.

The majority also finds the error was not harmless, but concludes the error presented here does not rise to the level of "constitutional" error. Thus, I must respectfully concur in the result only.