Motion for Rehearing Granted in Part and Denied in Part; Reversed and
Remanded; Majority and Concurring Opinions of January 24, 2006 Withdrawn and
Majority and Concurring Opinions on Remand Following Rehearing filed June 8,
2006









 

Motion for Rehearing
Granted in Part and Denied in Part; Reversed and Remanded; Majority and
Concurring Opinions of January 24, 2006 Withdrawn and Majority and Concurring
Opinions on Remand
Following Rehearing filed June 8, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00560-CR

____________

 

TUAN ANH DANG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 828,575

 



 

M
A J O R I T Y   O P I N I O N  O N  R
E M A N D

 F O
L L O W I N G   R E H E A R I N G  

We grant the State=s motion for
rehearing to the extent it asserts that this court should use a
nonconstitutional harm analysis on remand in this case.  We withdraw the majority opinion issued in
this case on January 24, 2006, and we issue this new majority opinion in its
place.








Background

Appellant, a juvenile, was certified to
stand trial as an adult.  He was
subsequently indicted and convicted of capital murder and sentenced to
confinement in the state penitentiary for life. 
On original submission, this court affirmed appellant=s conviction.  Dang v. State, 99 S.W.3d 172 (Tex.
App.CHouston [14th
Dist.] 2002), rev=d, 154 S.W.3d 616
(Tex. Crim. App. 2005).  Appellant sought
and obtained discretionary review before the Texas Court of Criminal Appeals,
which held the trial court abused its discretion by limiting defense counsel=s closing argument
to twenty minutes and by denying defense counsel=s request for an
additional three minutes.  Dang v.
State, 154 S.W.3d 616, 617 (Tex. Crim. App. 2005).  The Court of Criminal Appeals remanded the
case to this court to conduct a harm analysis. 
Id. at 622.

Harm analysis








On remand, appellant asserts that this
error is constitutional and that this court must apply a constitutional harm
analysis.  See Tex. R. App. P. 44.2(a).  A constitutional error within the meaning of
Texas Rule of Appellate Procedure 44.2(a) is an error that directly offends the
United States Constitution or the Texas Constitution, without regard to any
statute or rule that also might apply.  See
Fox v. State, 115 S.W.2d 550, 563 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
On original submission in this court, appellant did not assert that the
trial court=s restriction on the duration of closing
argument violated his constitutional rights; rather, he asserted that the trial
court abused its broad discretion in determining the time allowed for closing
arguments.[1]   Appellant asserted the same error in the
Court of Criminal Appeals.  See Dang,
154 S.W.3d at 622B23 (Meyers, J., concurring) (stating that
only ground asserted by appellant in Court of Criminal Appeals was whether
trial court abused its discretion in limiting the time for closing
argument).  In analyzing appellant=s ground of error,
the Court of Criminal Appeals, citing rules and statutes, ultimately concluded
that appellant had an implied statutory right to a reasonable time for closing
argument.  See Dang, 154 S.W.3d at
619B20.

The Court of Criminal Appeals determined
that the trial court did not provide appellant a reasonable time for closing
argument and so abused its broad discretion; however, the Court of Criminal
Appeals did not determine that the trial court=s improper
limitation on appellant=s time for argument directly offended any
part of either the United States Constitution or the Texas Constitution.  See Dang, 154 S.W.3d at 619B22 & 622B24 (Meyers, J.,
concurring) (stating that, although the majority correctly concluded that trial
court abused its discretion in limiting the time for closing argument, the
concurring justices believed that the trial court=s actions also
violated appellant=s rights under the Sixth Amendment of the
United States Constitution).  Our esteemed
colleague, Justice Hudson, the author of the dissenting opinion on original
submission and the author of today=s concurring
opinion, and three concurring justices on the Court of Criminal Appeals have
stated that the trial court violated appellant=s rights under the
Sixth Amendment of the United States Constitution.  See Dang, 154 S.W.3d at 619B22 & 622B24 (Meyers, J.,
concurring); Dang, 99 S.W.2d at 192B99 (Hudson, J.,
dissenting), rev=d 154 S.W.3d 616
(Tex. Crim. App. 2005).  But appellant
did not assert, and the Court of Criminal Appeals did not find, such a
violation.  See Dang, 154 S.W.3d
at 619B22 & 622B24 (Meyers, J.,
concurring).








On remand, appellant asserts that our high
court=s reliance on its Walker
v. State precedent shows that this error is constitutional because the Walker
court characterized unreasonable limitations on closing argument as a
constitutional violation.  See Dang,
151 S.W.3d at 620; Walker v. State, 22 S.W. 685, 686 (Tex. Crim. App.
1893).  Although the Walker case
cited article I, section 10 of the Texas Constitution, it also cited article 4
of the Texas Code of Criminal Procedure. 
See Tex. Const.
art. I, '10 (stating that
in all criminal prosecutions, the accused shall have the right of being heard
by counsel); Tex. Code Crim. Proc.
art. 1.05 (stating, in current codification of former article 4 cited in Walker,
that in all criminal prosecutions, the accused shall have the right of
being heard by counsel).  In Dang,
the Court of Criminal Appeals described Walker as finding a statutory
rather than a constitutional violation and did not mention that the Walker
court had cited the constitutional right to representation by counsel.  See Dang, 151 S.W.3d at 620; Walker,
22 S.W. at 686.  The high court=s discussion of Walker
in Dang is consistent with the rest of the Dang opinion, which
shows that the Court of Criminal Appeals did not find any constitutional
violation.  See id.  Although an appellate court may conclude that
a trial court=s unreasonable and arbitrary limitation on
a defendant=s closing argument violates the United
States Constitution or the Texas Constitution, the Court of Criminal Appeals
did not do so in this case.  See id.
Because the Court of Criminal Appeals did not reverse based on a constitutional
error within the meaning of Texas Rule of Appellate Procedure 44.2(a), we apply
a nonconstitutional harm analysis.[2]
 See Fox, 115 S.W.2d at 563. 

Based
upon the legal standard for the error found by the Court of Criminal Appeals,
can this court on remand conclude that the error is harmless?








The Court of
Criminal Appeals concluded that, in determining whether a trial court has
abused its  discretion in limiting
closing argument, the reviewing court should consider a host of nonexclusive
factors on a case-by-case basis.  These
factors are nearly identical to the factors this court considered on original
submission: (1) the quantity of the evidence, (2) the duration of the trial (3)
conflicts in the testimony, (4) the seriousness of the offense, (5) the
complexity of the case, (6) whether counsel used the time allotted efficiently,
and (7) whether counsel set out what issues were not discussed because of the
time limitation.  See Dang, 154
S.W.3d at 621.  After deciding that all
of these factors weighed in appellant=s favor, the Court
of Criminal Appeals concluded the trial court had abused its discretion.  See id. at 621B22.  








The factors in the legal standard for
determining error substantially overlap with the factors that this court is to
consider in determining whether the trial court=s limitation on
appellant=s closing argument had a substantial and
injurious effect or influence in determining the jury=s verdict.  See Dang, 154 S.W.3d at 621 (listing
factors and noting that some of the factors may be more appropriate for
determining preservation of error or whether appellant was harmed by the error,
though the opinion is silent as to which factors fall into which categories); King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (stating that an error
affects a substantial right when that error had a substantial and injurious
effect or influence in determining the jury=s verdict).  In analyzing these factors for purposes of
error, the Court of Criminal Appeals reached a different conclusion than the
majority of this court on original submission. 
This court is bound by our high court=s determination
that the trial court=s action in this case constituted an abuse
of the trial court=s broad discretion.  Inasmuch as that determination is based upon
a standard that incorporates considerations relevant to harm, this court can
only conclude that the trial court=s twenty-minute
limitation on closing argument had a substantial and injurious effect or
influence in determining the jury=s verdict.            Because
the legal test for error in limiting closing argument still subsumes
consideration of harm, and because the Court of Criminal Appeals rejected our
prior evaluation of the relevant factors in the error analysis and has not
prescribed a separate analytical framework for assessing harm, it would be
difficult, if not impossible, to conclude that the trial court=s error is not
harmful.  This is especially true given
that in assessing this type of error, the reviewing court views the record in
the light most favorable to the trial court, a standard that does not apply in
assessing harm.  See Granados
v. State, 85 S.W.3d 217, 236 (Tex. Crim. App. 2002) (stating reviewing
court views record in light most favorable to trial court in determining
whether it abused its discretion); Ovalle v. State, 13 S.W.3d 774, 787
(Tex. Crim. App. 2000) (stating appellant does not have burden of proof to show
that error is harmful).  If the Court of
Criminal Appeals considered the foregoing factors in the light most favorable
to the trial court and found error, then surely, in evaluating similar factors
without the benefit of this advantageous lens, we could not logically reach a
different result.  The court=s rejection of our
prior error analysis[3],
in effect, forecloses any possibility of finding the error harmless.  Therefore, we conclude that the trial court=s error in
limiting appellant=s closing argument to twenty minutes
affected a substantial right of appellant. 


The Court of Criminal Appeals also held
that this court erred in holding that the trial court did not abuse its
discretion by denying defense counsel=s request for an
additional three minutes for closing argument. 
Though it is exceedingly difficult to imagine that an additional three
minutes during closing argument would have had more than a slight effect on the
jury=s verdict, because
we conclude that the trial court reversibly erred in imposing the twenty-minute
limitation, there is no need to reach this issue.  

 








                                                   Conclusion

 

 

The Texas Court of Criminal Appeals determined that
appellant satisfied the legal standard for establishing error and remanded the
case to this court for a harm analysis. 
The legal standard for determining whether the trial court abused its
discretion in limiting appellant=s closing argument
overlaps with the inquiry as to whether any such error is harmful.  Because the high court=s rejection of our
previous analysis tacitly mandates the conclusion that the error it found is
harmful, we reverse the trial court=s judgment and
remand to the trial court for a new trial.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Majority and
Concurring Opinions on Remand Following Rehearing filed June 8, 2006.

 

Panel consists of Justices
Anderson, Hudson, and Frost (Hudson, J., concurring).

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  On original
submission in this court, the majority opinion indicated in passing that, at
some point, restrictions on closing argument could violate the Sixth Amendment
and that such violations should be avoided. 
See Dang v. State, 99 S.W.3d 172, 189 (Tex. App.CHouston [14th Dist.] 2002), rev=d, 154
S.W.3d 616 (Tex. Crim. App. 2005). 
However, because appellant did not assert
a violation of the Sixth Amendment in this case, this court did not consider
whether the trial court violated appellant=s rights
under the Sixth Amendment.  See id.
at 188-91.





[2]  Our research
has revealed no Texas case that addresses the issue of what type of harm
analysis to perform when the trial court abuses its broad discretion to
determine the length of closing argument. 
There have been very few cases holding that trial courts have so erred,
and these cases do not address the harm analysis that should be applied.  There is a dictum from one Court of Criminal
Appeals case that indicates that a normal harm analysis, rather than a
constitutional harm analysis, should be applied to such error.  See Huntly v. State, 34 S.W. 923, 923
(Tex. Crim. App. 1896) (stating that A[t]he
right to limit argument of counsel is within the sound discretion of the court;
and this court will not reverse because of such limitation unless the bill
shows that there was an abuse of this discretion, and that the appellant was
probably prejudiced by such limitation in the argument@).  





[3]  In viewing the
record in the light most favorable to the trial court, a majority of this court
on original submission evaluated the reasonableness of the time limitation
based on the following facts and circumstances:

 

(1)        There were several different theories
under which appellant could be found guilty.

(2)        The only issues were whether appellant=s statements were voluntary and whether appellant was
guilty of capital murder, felony murder, murder, or not guilty of any offense
at all.

(3)        The primary issue was whether appellant
was guilty of capital murder or a lesser-included offense.

(4)        Though eleven witnesses testified in the
span of a day, only one witness testified for the defense.

(5)        There was limited trial testimony and
the state presented all of it, except for appellant=s father, who was not present during the commission of
the offense.

(6)        The evidence was not  voluminous or contradictory;  there were few conflicts in testimony.

(7)        The entire trial, including voir dire,
lasted less than two days.

(8)        Trial counsel asked the court for only
three additional minutes to complete his argument.

 

Citing analogous cases in which no abuse of discretion
was found, this court held the trial court did not act arbitrarily,
unreasonably, or without regard to guiding legal principles.  See Dang, 99 S.W.3d at 188B91.